[No. 34859. *En Banc.* February 5, 1959.]

CYRUS SMILEY et al., *Appellants,* v. THE CITY OF TACOMA et al., *Respondents.*[1]

*John W. Fishburne* and *J. Houston Vanzant, Jr.,* for appellants.

*Marshall McCormick, Robert R. Hamilton,* and *Allan R. Billett,* for respondents.

PER CURIAM.—The issue,—the applicability of Laws of 1957, chapter 82, p. 330 (commonly called the Firemen's Re-

[1] Reported in 335 P. (2d) 50.

lief and Pension Act [RCW 41.16.090]), to firemen who had retired prior to the effective date of the act, and to the widows of such firemen—is identical with that presented in *Sonnabend v. Spokane, ante* p. 362, 333 P. (2d) 918, with reference to retired policemen and their widows.

One of the appellants was a fireman of the city of Tacoma who had retired prior to 1957; the other is the widow of such a fireman. They brought this action to compel the Tacoma firemen's pension board to grant them the additional pension which the 1957 act purported to authorize, and to secure a judgment against the city of Tacoma for the amount claimed to be due them since that act became effective.

The superior court of Pierce county, for the reasons assigned in the *Sonnabend* case, *supra,* and for an additional reason hereinafter referred to, sustained a demurrer to the complaint. The appellants refused to plead further, and a judgment of dismissal was entered. This appeal followed.

For the reasons given in the *Sonnabend* case, *supra,* the 1957 legislature could not, under the provisions of Art. II, § 25, of the constitution of this state as it was in 1957, raise the pensions of those retired or disabled firemen whose pension rates had been fixed by acts in effect at the time of their retirement, or by earlier and more favorable acts. The order of dismissal, entered by the Pierce county superior court, must be affirmed.

The trial court points out, and we agree that Laws of 1957, chapter 82, § 3, p. 331, at least in part, is unconstitutional for yet another reason. It provides:

". . . as the cost of living rises, so shall his pension rise and as the cost of living decreases, so shall such pension decrease, but such decrease shall not be below the basic pension being paid to such pensioner."

This is rhetorically beautiful, as the statement of an ideal, but is clearly unconstitutional and completely unrealistic. It is unconstitutional because no one can tell to whom the authority is granted to make the determination of whether the cost of living has gone up or down; and, if it

be assumed to be to the firemen's pension board in each municipality, there are no standards set by which the determination can be made. It is basic constitutional law that the legislature cannot delegate the power to raise or lower pensions without establishing standards to govern the exercise of that power. *State v. Gilroy* (1950), 37 Wn. (2d) 41, 221 P. (2d) 549; *State ex rel. Washington Toll Bridge Authority v. Yelle* (1938), 195 Wash. 636, 82 P. (2d) 120; *Uhden, Inc. v. Greenough* (1935), 181 Wash. 412, 43 P. (2d) 983, 98 A. L. R. 1181; *Vail v. Seaborg* (1922), 120 Wash. 126, 207 Pac. 15; *State ex rel. Makris v. Superior Court* (1920), 113 Wash. 296, 193 Pac. 845, 12 A. L. R. 1428; *Spokane Hotel Co. v. Younger* (1920), 113 Wash. 359, 194 Pac. 595. The appellants make no attempt to defend this portion of the act, but urge that it is surplusage.

If we were to assume that the legislature had in mind as a standard the consumers' price index, as published in the monthly labor review of the United States department of labor, bureau of labor statistics, the provision is unrealistic because it might mean the computation of a new pension rate every month, based on changes of a hundredth of one per cent. If that index is to be used, a basic date must be established and the recomputation of pension rates should be at fixed times, or on the basis of definite percentages of change, or both.

The judgment of dismissal, appealed from, is affirmed.