[No. 36582.   En Banc.   July 11, 1963.]

YOUNG MEN'S CHRISTIAN ASSOCIATION, *Respondent*, v. THE STATE OF WASHINGTON, *Appellant.**

*The Attorney General, Timothy R. Malone* and *James A. Furber, Assistants,* for appellant.

*Elliott, Lee, Carney & Thomas* (*Henry Elliott*, of counsel), for respondent.

*Reported in 383 P. (2d) 497.

Rosellini, J.—The respondent, a charitable organization incorporated under the laws of the state of Washington, conducts a program of activities and services of a spiritual, intellectual, and physical character, intended and designed to improve, advance, and develop the physical, mental, and spiritual well being of all youth and adults desiring to participate in such a program. It maintains buildings and other facilities in connection with these activities. It is largely supported by gifts, endowments, and like contributions, which are not taxed. In addition, it sells certain goods and services; and any profits derived therefrom are used for its charitable purposes.

The respondent paid business and occupation taxes levied upon it for engaging in activities defined under RCW 82.04-.250 as "retailing" and activities defined as "service" under 82.04.290. In addition it was required to collect and pay retail sales taxes under the provisions of RCW chapter 82.08. It petitioned the tax commission for a refund of these taxes; and when its petition was denied, it appealed to the superior court, which held that, if the respondent is taxable under these provisions, the revenue act, Laws of 1935, chapter 180, p. 706, is unconstitutional because it embraces a subject not expressed in the title. The state has appealed, challenging the correctness of this determination.

The title to the revenue act of 1935 reads:

"An Act relating to revenue and taxation; providing for the levy and collection of a tax or excise upon the act or privilege of engaging in business activities; providing for the levy and collection of a tax upon retail sales; providing for the levy and collection of a tax upon the use of personal property; providing for the levy and collection of a tax or excise upon the act or privilege of engaging in public utility business; providing for the levy and collection of a tax upon admissions to any place; providing for the levy and collection of a tax upon sales of liquor; providing for the levy and collection of a tax upon conveyances; providing for the levy and collection of a tax upon stock issues and transfers; providing for the levy and collection of a tax or excise upon the business of engaging in radio broadcasting; providing for the levy and collection of a tax upon the sale, use or distribution of fuel oil and diesel oil; pro-

viding for the levy and collection of a tax upon the sale, use, consumption or distribution of cigarettes; providing for the levy and collection of a tax upon the sale, use, consumption or distribution of proprietary medicines and toilet preparations; providing for the levy and collection of a store license tax; providing for the levy and collection of a tax on inheritances; providing for the levy and collection of a tax on gifts; providing for the levy and collection of a tax according to or measured by the net income of banks and corporations; providing the necessary administrative machinery for the collection and enforcement of the taxes hereunder; providing for certain exemptions and deductions; declaring certain acts in connection therewith unlawful and providing penalties; making appropriations; providing for the distribution of revenue derived hereunder; providing for shortening the operative period of chapter 191, Laws of 1933, as amended; providing for the amendment of sections 1, 2, 8, 12, 13, 15 and 18, chapter 55, Laws of 1901, as amended, section 4, chapter 146, Laws of 1917, as amended, section 95, chapter 156, Laws of 1917, as amended, section 5, chapter 205, Laws of 1929, and sections 4 and 7, chapter 134, Laws of 1931; providing for the repeal of section 1, chapter 135, Laws of 1929, sections 1 and 2, chapter 202, Laws of 1929, as amended, sections 28, 29, 30, 31 and 32, chapter 130, Laws Extraordinary Session 1925, and all acts and parts of acts in conflict therewith; declaring an emergency and that this act shall take effect immediately."

The state constitution, Art. 2, § 19, provides that a bill shall embrace only one subject and that subject shall be expressed in the title.

The purposes of this constitutional mandate are: (1) to protect and enlighten the members of the legislature against provisions in bills of which the titles give no intimation; (2) to apprise the people, through such publication of legislative proceedings as is usually made, concerning the subjects of legislation that are being considered; and (3) to prevent hodgepodge or logrolling legislation. *Miller v. Tacoma*, 61 Wn. (2d) 374, 378 P. (2d) 464, and cases cited therein. As we said in that case, a title complies with the constitution if it gives notice that would lead to an inquiry into the body of the act, or indicate to an inquiring mind the scope and purpose of the law.

■ The subject of this act is revenue, and its title lists all of respondent's activities which were taxed in this instance. It does not purport to list the persons who will be required to pay the taxes, but is broad enough to include all persons or organizations engaging in the taxable activities. As a matter of fact, this act is so clearly not open to the constitutional objection that the respondent has offered no argument in support of the trial court's determination on this point. It argues, instead, that the judgment should be sustained on the ground that its activities are not taxable under the act, as amended.

First, it is contended that the respondent is not a taxable person, as defined by RCW 82.04.030, which provides:

" 'Person' or 'company,' herein used interchangeably, means any individual, receiver, assignee, trustee in bankruptcy, trust, estate, firm, copartnership, joint venture, club, company, joint stock company, business trust, municipal corporation, corporation, association, society, or any group of individuals acting as a unit, whether mutual, cooperative, fraternal, nonprofit, or otherwise and the United States or any instrumentality thereof."

The respondent does not deny that it is a corporation and an organization, but it contends that charitable corporations are excluded because they are not expressly included. It rests its theory upon the opinion in *Swedish Hospital v. Department of Labor & Industries*, 26 Wn. (2d) 819, 176 P. (2d) 429, wherein we held that all nonprofit corporations were not embraced within a title which merely extended workmen's compensation benefits to certain employees of charitable institutions.

■ It is true, as we said in that case, that a corporation may be a nonprofit corporation and yet not be, strictly speaking, a charitable institution. Among such nonprofit corporations we mentioned lodges, granges, chambers of commerce, service clubs, community water systems, golf clubs, sportsmen's clubs, and "bottle clubs." But this does not mean that the converse is true—that a charitable institution is not a nonprofit "group of individuals acting as a unit," or, if it is incorporated, is not embraced within the

term "any corporation." The statutory definition of "person" or "company" is broad enough to include charitable institutions like the respondent.

Another argument advanced by the respondent in support of the judgment is that it is not engaged in business, because its activities do not benefit itself or its members in a monetary way.

RCW 82.04.140 provides:

" 'Business' includes all activities engaged in with the object of gain, benefit, or advantage to the taxpayer or to another person or class, directly or indirectly."

The same contention made by the respondent here was raised by the city of Seattle in *Seattle v. State*, 59 Wn. (2d) 150, 367 P. (2d) 123. In that case, the city sought to avoid the payment of business and occupation taxes on certain of the activities of its park department in providing recreational facilities for the people of Seattle. We said:

"According to the plain meaning of the words used in the statute, the legislature did not intend to restrict the term 'business' to those activities engaged in solely for profit. 'Gain,' 'benefit' and 'advantage' convey a meaning wider in scope than does the word 'profit.' *Tacoma v. State Tax Comm.* . . . [177 Wash. 604, 33 P. (2d) 899]

"The intention to tax activities engaged in with the object of nonmonetary benefit is indicated further by RCW 82.04-.030, the section which defines 'person.'

" ' "Person" or "company," herein used interchangeably, means any individual, receiver, assignee, trustee in bankruptcy, trust, estate, firm, copartnership, joint venture, club, company, joint stock company, business trust, municipal corporation, corporation, association, society, or any group of individuals acting as a unit, whether mutual, cooperative, fraternal, nonprofit, or otherwise and the United States or any instrumentality thereof.' "

This contention of the respondent is likewise without merit.

The judgment is reversed and the appeal dismissed.

ALL CONCUR.

--------

September 10, 1963. Petition for rehearing denied.