[No. 39016.  En Banc.  November 21, 1968.]

AMERICAN FEDERATION OF TEACHERS, YAKIMA LOCAL 1485 et al., *Appellants*, v. YAKIMA SCHOOL DISTRICT No. 7 et al., *Respondents*.*

*Reported in 447 P.2d 593.

*Smith Troy, John Kramer,* and *Bassett, Donaldson & Hafer,* by *James Hubbard,* for appellants.

*Lincoln E. Shropshire, Jon R. Harlan, Roberts, Shefelman, Lawrence, Gay & Moch,* and *George M. Mack,* for respondents.

HUNTER, J.—This action attacking the constitutionality of RCW 28.72 was dismissed in the trial court. The plaintiffs appeal.

This case arises out of the following sequence of events. At its 1965 session, the legislature enacted chapter 143 (codified as RCW 28.72), hereinafter referred to as the Act, which provides that organizations of certificated school district employees which have won an employee election

> shall have the right . . . to meet, confer and negotiate with the board of directors of the school district . . . prior to the final adoption by the board of proposed school policies relating to, but not limited to, curriculum, textbook selection, in-service training, student teaching programs, personnel, hiring and assignment practices, leaves of absence, salaries and salary schedules and noninstructional duties. RCW 28.72.030.

The Act further provides:

> Boards of directors of school districts shall adopt reasonable rules and regulations for the administration of employer-employee relations under this chapter. RCW 28.72.080.

In September of 1965, there were two teacher organizations in Yakima School District No. 7, the Yakima Education Association and the American Federation of Teachers, Local 1485. The former admitted all certificated employees, including supervisory personnel, to membership while the latter excluded supervisory personnel (a difference, however, which is not material to our determination of this case). The record indicates that the Yakima Education Association had 520 certificated employee members in September, 1965, while Local 1485 had less than 20 members. The school district operates two programs: the K-12 program, consisting of kindergarten through 12th grade, and the community college program. Most of the members of Local 1485 were employed by Yakima Valley Community College at the time this suit was commenced.

After the passage of the Act, the Yakima Education Association, on September 13, 1965, wrote a letter to School District No. 7, requesting that the district conduct an employee election, pursuant to the Act, to determine which employee organization should represent the certificated employees in the district's K-12 program. The Board of Directors of the district acted favorably on this request at its regular meeting on October 11, 1965, and appointed two board members, J. Roy Brown and Virginia Hislop, to work with Superintendent Martin in making arrangements for the election.

The two board members and Superintendent Martin formulated a "notice" containing the rules and procedures for the election, which was scheduled for November 16, 1965. The Board of Directors approved this action at its regular meeting of November 8, 1965. The superintendent distributed the "notice" to all principals and instructed them to post it on faculty bulletin boards and to otherwise bring it to the teachers' attention. The election was held on November 16, 1965, as scheduled.

Local 1485 was not given formal notice of the election but its president, Robert McCall, had been present at the October 11, 1965 meeting of the school board and knew of

the board's actions concerning the calling of an election. The members of Local 1485 decided not to participate in the election and voted instead to challenge the constitutionality of the Act.

On November 15, 1965, Local 1485 and two of its members, as plaintiffs (appellants), brought suit in Yakima County Superior Court against Yakima School District No. 7 and board members Brown and Hislop, defendants (respondents), seeking to enjoin the counting of the ballots in the election scheduled for November 16. The court issued a temporary restraining order and an order to show cause. After a hearing on the show cause order held on November 19, 1965, the court entered a temporary injunction pending trial. The Yakima Education Association and two of its officers, and the Washington Education Association, respondent-interveners, were permitted to intervene on behalf of the defendants.

After trial, the court entered findings of fact, conclusions of law and judgment dismissing the suit, dissolving the temporary injunction, and awarding costs to the defendants. The court entered a further order keeping the temporary injunction in force pending the outcome of this appeal. The parties have agreed to submit this case on a short record, as provided for in ROA 34(3), and no error has been assigned to any of the trial court's findings of fact.

The plaintiffs first contend, in essence, that the Act violates Const. art. 2, § 1 (amendment 7), which prohibits the delegation of legislative power, because the legislature has not prescribed adequate standards and guidelines for school districts to follow in making rules and procedures necessary to carry out the purpose of the Act.

■ School districts are municipal or quasi-municipal corporations. *Juntila v. Everett School Dist. No. 24*, 178 Wash. 637, 35 P.2d 78 (1934); *Seattle High School Chapter No. 200, American Fed. of Teachers v. Sharples*, 159 Wash. 424, 293 Pac. 994, 72 A.L.R. 1215 (1930); *Maxon v. School Dist. No. 34*, 5 Wash. 142, 31 Pac. 462, 32 Pac. 110 (1892). We have long recognized that the legislature may confer

powers of local regulation, or administrative powers, on municipal corporations without violating the constitutional prohibition of improper delegation of legislative power. In *Nelson v. Troy*, 11 Wash. 435, 444, 39 Pac. 974 (1895), we stated in relation to the delegation of legislative powers to municipal authorities:

[C]ourts do not regard this practice as obnoxious to the constitutional principle that the power conferred upon the legislature to make laws cannot be delegated to any other body or authority; and we think the subject matter of the proviso contained in § 2 of the act of 1890 [Laws of 1889-90, p. 304] above set out *falls within the exception in favor of local regulation, and as such is not a delegation of legislative power.* The authority conferred and the duty imposed by this section are not legislative, but administrative, and we think it a very general and proper legislative practice to delegate to commissioners, and other municipal officers, the powers to do many administrative acts which the legislature might undoubtedly do itself. (Italics ours.)

Also see *McKnight v. Hodge*, 55 Wash. 289, 104 Pac. 504 (1909); *De Von v. Oroville*, 120 Wash. 317, 207 Pac. 231 (1922); *City Sanitary Serv. Co. v. Rausch*, 10 Wn.2d 446, 117 P.2d 225 (1941).

This doctrine is explained in 2 McQuillin, Municipal Corporations § 4.09 (3d ed. 1966):

While the rule is fundamental that the power to make laws cannot be delegated, the creation of municipal corporations to exercise *local self-government* has never been deemed to violate this principle. *Such legislation is not regarded as a transfer of general legislative power, but rather as a grant of the authority to prescribe local regulations,* supported by immemorial practice, but subject, of course, to the interposition of the superior in cases of necessity. *Conferring proper powers upon municipal corporations forms an exception to the rule which forbids the legislature to delegate any of its powers to subordinate divisions.* (Italics ours.)

Also see 16 Am. Jur. 2d *Constitutional Law* § 250, p. 500; 2 McQuillin, Municipal Corporations § 4.13 (3d ed. 1966); C. Rhyne, Municipal Law § 4-9 (1957).

■ We conclude that the legislature may properly grant broad powers to municipal corporations, including school districts, without at the same time prescribing detailed standards and guidelines, so long as those powers relate to local purposes of regulation or administration. We hold that the powers conferred on school districts by the Act properly relate to the local regulatory and administrative purposes and functions of a school district, and that the legislature did not violate Const. art. 2, § 1 (amendment 7), by granting school districts discretion to make rules and regulations for the implementation of the Act.

The arguments and citations used by the plaintiffs to support their first contention relate to legislative delegations of power to administrative agencies, and are not apposite. The plaintiffs place particular reliance on *Smiley v. Tacoma*, 53 Wn.2d 562, 335 P. 2d 50 (1959). This case is not pertinent to the issue here because the issue raised in the case did not involve the delegation of legislative power to a municipal corporation.

■ The plaintiffs' second contention is that the Act violates Const. art. 2, § 19 because its subject is not fairly or clearly expressed in its title. We also disagree with this contention. The title of the Act reads:

An Act relating to education; recognizing the right of employee organizations to represent certificated employees in their relations with school districts.

The title of an act need not be an index to its contents. It suffices if the title embraces, and reasonably gives notice of, the contents of the act. *YMCA v. State*, 62 Wn.2d 504, 383 P.2d 497 (1963); *Gruen v. State Tax. Comm'n*, 35 Wn.2d 1, 211 P.2d 651 (1949).

The plaintiffs argue that the title of the Act does not refer to elections and that it therefore gives no notice of the fact that the Act deals with that subject. In *Randles v. State Liquor Control Bd.*, 33 Wn.2d 688, 695, 206 P.2d 1209, 9 A.L.R.2d 531 (1949), we said:

All incidentals germane to a title may be brought within the legislation although not specifically referred to in such title.

The subject of elections is germane to the subjects expressly mentioned in the title, and we hold that the title of the Act is not violative of Const. art. 2, § 19.

The judgment of the trial court is affirmed.

ALL CONCUR.

*Reported in 447 P.2d 597.