[No. 41042. En Banc. July 30, 1970.]

*In the Matter of the Estate of* LELA WILTERMOOD, *Deceased.* JARED T. WILTERMOOD, *Appellant,* v. NELLIE L. NELSON *et al., Respondents.**

*Reported in 472 P.2d 536.

*Edward J. Lehan, John F. Lindberg,* and *Keith H. Campbell,* for appellant.

*John J. Ripple* and *Gordon & Ripple,* for respondents.

SHARP, J.—This action involves the right of an adopted child to inherit from his natural parents under the intestate succession laws of Washington.

Appellant is the son of the deceased, Lela M. Wiltermood. In 1919, 4 years after his birth, appellant was adopted by his paternal grandparents, Linzy Thomas Piper and Bessa Piper. His natural parents consented to the adoption in writing.

Appellant's natural mother died intestate in 1968. Aside from appellant, Lela Wiltermood was survived by one half-sister and three halfbrothers, who are respondents in this action. Appellant, as decedent's son, applied to administer decedent's estate. His appointment was made over the opposition of respondents, who had similarly applied to administer the estate. Respondents then brought a show cause motion to remove appellant from the position of administrator. It was pointed out that prior to Lela Wiltermood's death in 1968, the legislature passed, as part of the 1965 probate code, a statutory limitation on the inheritance

rights of adopted children. The statute, which is now codified as RCW 11.04.085, declares:

> A lawfully adopted child shall not be considered an "heir" of his natural parents for purposes of this title.

The effective date of RCW 11.04.085 as part of the 1965 probate code was July 1, 1967.

The trial court removed appellant as administrator, appointing the Old National Bank of Washington as administrator de bonis non. It reasoned that he could no longer qualify as an administrator since, under RCW 11.04.085, he could not inherit from the intestate. See RCW 11.28.120. Appellant does not challenge his removal, asserting that it is to the best interests of the estate that the Old National Bank of Washington continue to serve. Accordingly, we will only consider his contention that the trial court was in error in concluding that RCW 11.04.085 prevents him from participating in his natural mother's estate.

Appellant first contends that RCW 11.04.085 is being applied retroactively by eliminating inheritance rights of adopted children which accrued prior to the statute's passage. His basic premise is that the dual right to inherit from both adoptive and natural parents still exists as to any child adopted before the effective date of the statute, July 1, 1967. With this argument, appellant has confused an heir's legal interest in his decedent's estate with the *capacity* to become an heir, which at best is an expectancy.

■ An heir's interest in his ancestor's estate does not vest until that ancestor's death. Prior to that event there is no "heir" because no one can be the heir of a living person. Nemo est haeres viventis. 1 E. Coke, Commentary Upon Littleton 8a, 22b (19th ed. 1832); H. Broom, Legal Maxims 522, 523 (8th ed. 1882). This represents the rule of law in the overwhelming majority of jurisdictions, 23 Am. Jur. 2d *Descent and Distribution* § 21 (1965); and has been expressly adopted by our statutory system of intestate succession. *In re Estate of Verchot,* 4 Wn.2d 574, 104 P.2d 490 (1940); *In re Estate of Turner,* 191 Wash. 145, 70 P.2d 1059 (1937). Both RCW 11.04.250 and RCW 11.04-

.290 vest heirs with legal interests only upon the death of their intestate ancestor.

This court stated in *In re Estate of Roderick*, 158 Wash. 377, 381, 291 P. 325, 80 A.L.R. 1398 (1930):

> Unless prohibited by statute, an adopted child may inherit both from its adoptive parent and from its natural parent.
>
> "In the absence of statute to the contrary, an adopted child may inherit both from its adoptive parent and from or through its natural parent." 1 C.J., p. 1400, § 129.
>
> Our adoption statute grants to the adopted child the right to inherit from its adoptive parent, but does not divest that child of the right of inheritance from its natural parents. The statute is in derogation of the common law. It cannot be assumed, presumed or inferred that the appellant cannot inherit from her father, in the absence of a legislative declaration to that effect.

The foregoing opinion in no way implied that adopted children could become heirs of their living natural parents and thereby obtain vested rights in their estates. It simply recognized that, absent legislation, adopted children have the capacity to become heirs of their natural parents.

Passage of RCW 11.04.085 eliminated that capacity. That the legislature had the right to enact this provision is beyond question. *In re Estate of Ward*, 183 Wash. 604, 49 P.2d 485, 102 A.L.R. 496 (1935); *In re Estate of Fotheringham*, 183 Wash. 579, 585, 49 P.2d 480 (1935). The statute, however, affects only those estates in which an intestate's death is subsequent to the statute's effective date, and therefore operates prospectively only. *See Annot.*, 37 A.L.R.2d 333 (1954).

Nor do we agree with appellant's second assertion. He concludes that RCW 11.04.085 changes the rights of adopted children, yet was passed as part of the 1965 probate code, rather than as part of the adoption statute, RCW 26.32.140. Appellant claims this violates article 2, section 19 of the state constitution, which forbids the legislature to pass two legislative subjects in one bill and under one title.

We have concluded, however, that RCW 11.04.085 limits no rights belonging to adopted children by virtue

of their adoption. Instead, it changes the definition of the word "heirs" for the purpose of intestate succession. The title of the probate code, of which RCW 11.04.085 was a part, needed only to give reasonable notice that the contents might affect the rights of inheritance. *American Federation of Teachers, Yakima Local 1485 v. Yakima School Dist. 7*, 74 Wn.2d 865, 447 P.2d 593 (1968); *Miller v. Tacoma*, 61 Wn.2d 374, 378 P.2d 464 (1963). There is no doubt that the probate code's title gave sufficient notice of its contents to satisfy the constitution, and that the probate code is an appropriate location for setting forth the laws of intestate succession.

Appellant also argues that RCW 11.04.085 was superseded by the reenactment of RCW 11.04.015 in 1967. The latter statute sets out the line of intestate descent and distribution and provides in its paragraph (2)(a) that the share of decedent's estate not distributable to the surviving spouse first descends to the intestate's "issue." Appellant claims he is intestate's "issue" and that this reenactment was intended to repeal RCW 11.04.085.

We do not agree. In the first place, paragraph (2)(a), as enacted in 1965, was not materially changed by the 1967 reenactment. It merely changed the word "degrees" to "degree." We can see no intent to supersede the prior legislation by this act. If the 1967 legislature had in mind nullifying RCW 11.04.085, a more direct method would have been employed. *State ex rel. Reed v. Spanaway Water Dist.*, 38 Wn.2d 393, 229 P.2d 532 (1951).

More importantly, the two statutes are not conflicting when read as integrated parts of our statutory scheme of intestate succession. Our probate code requires that one qualify as an "heir" to be entitled to participate in the estate of an intestate decedent.

> "Heirs" denotes those persons, including the surviving spouse, who are entitled under the statutes of intestate succession to the real and personal property of a decedent on his death intestate.

RCW 11.02.005. Therefore, the term "issue," as used in RCW 11.04.015, to be within the definition of "heir" for

the purposes of intestate succession, excludes adopted children claiming a share of their natural parent's estate. The two statutes thus read are consistent with one another.

The trial court's order and judgment determining that appellant is not an heir of the intestate is affirmed.

ALL CONCUR.