COBB, Judge.
This case involves the question of whether an adopted child has the right to inherit by intestate succession from a natural parent.
Ray Alan Mooney (hereinafter Ray Alan) was born on October 7, 1950, as the natural son of Orlan Ray Mooney (hereafter Orlan Ray). Ray Alan was adopted by his stepfather in Kentucky on August 30, 1960. Or-lan Ray died intestate on June 10, 1979.
Ray Alan filed a petition for determination of heirs in which he sought to have himself determined by the court to be an heir. Elizabeth Mooney, mother and guardian of Donna Rae Mooney, filed an answer in which she alleged that Ray Alan could not be an intestate heir of his natural father due to Ray Alan’s adoption.
*609 Pursuant to sections 72.22 and 731.30, Florida Statutes (1959), which were in effect at the time that Ray Alan was adopted, an adopted child could inherit from his natural or blood parents. However, pursuant to sections 63.172 and 732.108, Florida Statutes (1979), which were in effect at the time of Orlan Ray’s death, an adoption terminates the legal relationship between the adopted child and his natural parents, so that for purposes of intestate succession the adopted child is no longer a lineal descendant of the natural parent.
The probate court found that Ray Alan’s right to be an heir of his natural father was acquired at the moment of his birth and that Ray Alan’s adoption by his stepfather did not deprive Ray Alan of his right to share in the estate of his natural father. The probate court further found that if section 732.108, Florida Statutes (1979), was applied to deprive Ray Alan of his rights to share in the estate of his natural father, that statute would be unconstitutional. The probate court then determined that Ray Alan was entitled to share in the distribution of the estate of Orlan Ray. It is this order that Elizabeth Mooney, as guardian for her daughter, is appealing.
In Florida, at the time of birth a child only has an expectancy that he will be an heir of his natural father. Huskea’s Estate v. Doody, 391 So.2d 779 (Fla. 4th DCA 1980).[1] However, it is the intestate’s death that is the event that vests an heir’s right to intestate property. § 732.101(2), Fla.Stat. (1979); In re Estate of Burris, 361 So.2d 152 (Fla.1978). Since a child’s right to inherit from his natural father does not commence until the death of that father, the child’s rights of inheritance are governed by the statutes then in effect. In re Ruff’s Estate, 159 Fla. 777, 32 So.2d 840 (1947); Estate of Huskea[2]
Since the right to inherit did not vest until the death of the intestate, the statutes attacked as unconstitutionally applied in this case did not deprive Ray Alan of any vested rights and therefore sections 63.172 and 732.108, Florida Statutes (1979) are not unconstitutional as applied to Ray Alan in this case. Arciero v. Hager, 397 S.W.2d 50 (Ky.1965); Scott v. Scott, 238 Ind. 474, 150 N.E.2d 740 (1958).
The order on petition for determination of heirs is reversed and this case is remanded for further proceedings consistent with this opinion.
REVERSED and REMANDED.
DAUKSCH, C. J., concurs.
FRANK D. UPCHURCH, Jr., J., concurs specially with opinion.

. This expectancy gives the child standing to challenge certain actions that would affect his later rights of inheritance. In re Estate of Kant, 272 So.2d 153 (Fla.1973).

. This is the view of most other states that have considered the question. Gamble v. Cloud, 263 Ala. 336, 82 So.2d 526 (1955); Scott v. Scott, 238 Ind. 474, 150 N.E.2d 740 (1958); In re Trainor’s Estate, 45 Misc.2d 316, 256 N.Y.S.2d 497 (1965); In re Estate of Topel, 32 Wisc.2d 223, 145 N.W.2d 162 (1966); Estate of Wiltermood, 78 Wash.2d 238, 472 P.2d 536 (1970); In re Estate of Shehady, 83 N.M. 311, 491 P.2d 528 (1971); Matter of Estate of Adolphson, 403 Mich. 590, 271 N.W.2d 511 (1978). Contra, Matter of Estate of Neuwirth, 155 N.J.Super. 410, 382 A.2d 972 (1978).