OPINION OF THE COURT
C. Raymond Radigan, J.
The question raised on this submission is whether the court *362 may entertain the acceptance of renunciations of dispositions created under a testamentary power of appointment held by a person who is still alive.
The will of Simon Heffner established a trust that provided for payment of income to his wife during her life, and upon her death directed the trustees to distribute the principal to such persons as she may appoint by will, and in default of her exercise of the power of appointment, to divide the principal into as many equal parts as the testator had children and predeceased children with issue, then surviving.
Petitioners, Edward and Harvey Heffner, have each executed renunciations in the form required by EPTL 2-1.11 of any interest to which they may be entitled or may become entitled as the result of the exercise or nonexercise of the testamentary power of appointment given under their father’s will to their mother, Tess Heffner, who is alive.
Property interests that may be renounced include dispositions created by the exercise or nonexercise of a power of appointment (EPTL 2-1.11 [a] [1]). The statute prescribes a renunciation "shall be filed in the office of the clerk of the court having jurisdiction over the will * * * within nine months after the effective date of the disposition” (EPTL 2-1.11 [b] [2]).
The effective date of a disposition created by the exercise or nonexercise of a testamentary power of appointment is the death of the holder of the power (EPTL 2-1.11 [a] [2] [A]). The statute additionally mandates that notice of the renunciation shall be served personally, or in such manner as the court may direct, upon the fiduciary directed by the will or trust agreement to make the disposition or upon the administrator or such other person who was directed to make the disposition or upon any person having custody or possession of or legal title to the property, and by mail or in such other manner as the court may direct upon all persons whose interest may be created or increased by such renunciation.
Petitioners possess no present property interest which can be renounced as the effective date of any disposition created by their mother’s exercise or nonexercise of her testamentary power of appointment will only become effective on her death. The filing and notice provisions of the statute previously cited also make obvious that the execution of an anticipatory renunciation is not contemplated.
The statutory provisions governing renunciations, however, *363 are not exclusive and do not abridge the right of any beneficiary or other person to renounce any property or interest therein arising under any other section of the EPTL or other statute or under common law (EPTL 2-1.11 [h]).
No set procedure existed at common law for the acceptance or rejection of a legacy. One condition imposed was that a beneficiary could not enjoy the bounty of a legacy and disavow its burdens (Oliver v Wells, 254 NY 451) so that once having accepted the benefits he could no longer renounce the gift (Matter of Wilson, 298 NY 398). Another requirement was that a renunciation must be made within a time that is equitable in light of all the circumstances. This time might be long, if injury to others will not result from the delay, and by the same token, very short if failure to act promptly may work a hardship (Oliver v Wells, supra).
Thus, the time in which to renounce is limited both at common law and under the statute, but unlike the EPTL, the common law imposes no implied restriction to the filing of an anticipatory renunciation.
The effect of a renunciation is that the party disclaiming is treated as if he had predeceased the creator or decedent as the case may be. With respect to a power of appointment exercisable only by the written will of the donee, the power is testamentary (EPTL 10-3.3 [c]), and therefore a renunciation of a property interest created under such a power speaks as of the date of death of the donee. Prior to that date, a beneficiary may possess no more than an expectancy. In this respect, the renunciation of a future property interest is analogous to the assignment of an expectancy in an estate or the release of property rights under an antenuptial agreement. All such contracts involve contingencies which do not affect their validity, and an anticipatory renunciation should be treated similarly.
It should likewise be noted that a release by a donee of a power of appointment during his or her lifetime is recordable (EPTL 10-9.2) and the ability to file such an instrument would indicate there should be no impediment to a beneficiary giving advance notice of his or her rejection of a possible property interest flowing from the donee’s exercise or nonexercise of a power of appointment. The clerk of the court is accordingly directed to accept the renunciations for filing upon the payment of an appropriate fee.