# BARNETT BANKS TRUST COMPANY, N.A., etc. v POPE, et al.

Case No. 90-0660-CA-01-WLB

Twentieth Judicial Circuit, Collier County

March 5, 1991

## OPINION OF THE COURT

WILLIAM L. BLACKWELL, Circuit Judge.

### *FINAL JUDGMENT*

Barnett Banks Trust Company, N.A. (Trustee) brought this action for a determination of beneficiaries pursuant to § 737.201 Fla. Stat. which provides the Court with certain powers over trusts, including, in subsection (1)(c), the power to ascertain beneficiaries. Trustee seeks a Court determination of contingent beneficiaries of a Trust which received the residuary assets of Robert E. Pope, Sr. and Mary B. Pope (Settlors) who created the Robert E. Pope and Mary B. Pope Revoca-

ble Trust in 1982 (the trust). Mary B. Pope died in 1984 and Robert E. Pope died in 1989.

During their marriage, the Popes had two sons, Robert E. Pope, Jr. and Timothy S. Pope, both of whom are parties to this proceeding although neither appeared for trial.

The problem in this case is that Article V(3), of the trust, on page six (6) provides:

*Upon the death of the last settlor, should either or both of the settlor's sons predecease the settlor, or upon the death of the settlor's son or sons if either or both should survive the settlor,* the remainder of his share of the Trust as it is then constituted, together with any undistributed or accumulated income, shall be paid and distributed to his then living issue in equal share *per stirpes* (emphasis added).

Robert E. Pope, Jr. fathered four children, including Melissa Agardy (Melissa) and Anthony Lacagnin Scott (Anthony) who were legally adopted on October 16, 1988, in another Court of this State by John Elijah Scott. The remaining two children of Robert E. Pope, Jr., Julia Crichton Pope and Charles Woodson Pope were never adopted out of the family.

Timothy S. Pope, the other son of the settlors, had five children, none of whom were ever adopted out of the family.

Trustee alleges in the Amended Complaint that § 732.108 Fla. Stat. results in the severance, as issue, of the children of Robert E. Pope, Jr. who were adopted out—viz. Melissa and Anthony. At trial, Trustee receded from this position when the Court pointed out that § 732.108 Fla. Stat. speaks to considerations of intestate succession involving adopted persons. Since intestacy is not a part of this proceeding it appears reasonable to ignore that statute.

However, Trustee contends that § 63.172 Fla. Stat. has the effect of disinheriting children who are adopted out of the family to adoptive third party parents as were Melissa and Anthony. § 63.172 Fla. Stat. provides that a judgment of adoption entered by a Court of this State or any other State terminates all legal relationships between the adopted person and his relatives, including his natural parents (unless the natural parent is a petitioner along with a new spouse who is seeking to adopt the child) so that the adopted person thereafter becomes a stranger to his former relatives for all purposes, including inheritance *"and the interpretation or construction of documents, statutes, and instruments, whether executed before or after entry of the*

**193**

■■■■■■■■

*adoption judgment that do not expressly include the adopted person by name or by some designation not based on a parent and child or blood relationship"* (emphasis provided).

Thus, Trustee seeks a determination of this Court as to the ability of the adopted out children of Robert E. Pope, Jr., Melissa and Anthony, to become beneficiaries, *per stirpes,* of their biological father's one-half interest in the trust estate, upon his death.

At this point, the respective children of Robert E. Pope, Jr. and Timothy S. Pope, whether adopted out or not, are merely contingent beneficiaries. As noted above in the quotation from the Trust document the remainder of the sons' shares of the Trust shall be paid and contributed to his *then living* issue, *only* upon the contingency of death of the settlors (which has occurred) *and* upon the death of either son (or if either had predeceased the settlors). This last contingency has not occurred. Many things can change before then—contingent beneficiaries may die, leaving as yet unborn children.

§ 63.172 Fla. Stat would appear to disinherit Melissa and Anthony because they were adopted out of the family by a third party adoptive parent. However, this treatment of adopted-away children has not always been the law in Florida. At one time, an adopted-away child inherited from his natural kindred. § 53.151 and § 731.30 (1971) Fla. Stat.; *In Re: Trust of Will of Martel,* 457 So.2d 1064, 1066 (Fla. 2d DCA 1984). In considering a similar problem under the *Martel* will, the Second District Court of Appeals pointed out that the Legislature has from time to time decided as a matter of public policy that the inheritance of those who were natural heirs should not be diminished at the expense of one who is also entitled to inherit from his adoptive parents; and subsequently the legislature changed this policy with the enactment of § 63.172(1)(b) (1979) as discussed at 457 So.2d at 1067. Summarizing, the Second District Court of Appeals said:

> In summary, we hold that the law in effect when the *Martel Trust* terminated controls the ultimate determination of Trust beneficiaries. *Martel* at 1069.

Since the statute in effect when the testamentary trust in the *Martel* case terminated was § 63.172, the holding was that one of the adopted away grandchildren was not entitled to share in the Trust assets which were to be distributed to his natural grandfather.

In the instant case, the Trust has not terminated since neither of the original sons has died. Since the Florida Legislature has changed its position on this matter in previous times, as noted above, it is conceivable that the legislature may revisit the subject and change it

**194**

again before the death of Robert E. Pope, Jr. or Timothy S. Pope, the original sons of the settlors. In the interim, the Trustee is responsible for administering the Trust according to its literal provisions for the primary beneficiaries, Robert E. Pope, Jr. and Timothy S. Pope. Upon the death of either of these individuals their descendants' rights vest, and, at that time, a determination would have to be made as to whether or not the then existing law of Florida required the disinheritance of two children who had been adopted out of the family. See also *In re Ruff's Estate,* 159 Fla. 777, 32 So.2d 840 (1947) and *In re Estate of Mooney,* 395 So.2d 608, 609 (Fla. 5th DCA 1981).

IT IS SO ORDERED this 5th day of March, 1991.