933 P.2d 1031 (1997)
131 Wash.2d 514
In the Matter of the ESTATE OF Phyllis Lee BAIRD.
No. 63985-0.
Supreme Court of Washington, En Banc.
Argued February 25, 1997.
Decided April 3, 1997.
As Amended on Denial of Reconsideration June 18, 1997.[*]
*1032 Laura Buckland, Scott Johnson, Seattle, for Appellant.
Keithly, Weed & Graafstra, Thom Graafstra, Cynthia First, Snohomish, Law Offices of Philip Rosellini, Philip Rosellini, Daniel Parsons, Bellingham, Chmelik & Johnson, Frank Chmelik, Richard Davis, Bellingham, Karen Boxx, Kathleen Coghan, Seattle, for Respondent.
JOHNSON, Justice.
The question presented is whether an anticipatory disclaimer of an expectancy interest in an intestate estate is valid and effective under RCW 11.86. We hold the plain language of the statute does not authorize an anticipatory disclaimer of an expectancy interest created by intestacy, and affirm the order of the probate court declaring this disclaimer invalid.

FACTS
Phyllis Baird died intestate on December 29, 1994. She was survived by two children, James Thomas Baird and Julie A. Breckenridge. James Baird has two children, Jayme Baird and Hunter Baird, from his first marriage to Cheryl Kern.
During the later stages of her life, Phyllis Baird suffered from Alzheimer's disease and, as a result, was mentally incapacitated. Susan K. (Saulsbury) Baird was appointed guardian for Phyllis Baird on November 29, 1988, in a guardianship proceeding in Whatcom County. James Baird married Susan (Saulsbury) Baird on November 10, 1992.
On February 9, 1993, James Baird brutally assaulted Susan Baird.[1] As a result of this attack, Susan Baird was permanently disfigured and suffered permanent cognitive defects preventing meaningful employment. Susan Baird filed a personal injury action against James Baird in Whatcom County Superior *1033 Court on February 26, 1993, for the injuries suffered in the assault.
James Baird was convicted of first degree assault on March 8, 1994. He received an exceptional sentence of 20 years on June 3, 1994.[2] On March 8, 1994, the same day as his conviction, James Baird executed an instrument purporting to disclaim "any and all interest" he "may have" in his mother's estate. This instrument was filed in his mother's guardianship proceeding that same day.
On October 19, 1994, Susan Baird was awarded a judgment of $2.75 million in her personal injury action against James Baird. One week later, on October 26, 1994, James Baird filed a petition for Chapter 7 bankruptcy. Susan Baird's judgment constitutes approximately 95 percent of the outstanding creditor claims in the bankruptcy proceeding.
As previously stated, Phyllis Baird died intestate on December 29, 1994. Her estate is valued in excess of $500,000. James Baird's share of his mother's estate represents approximately 60 percent of his potential assets available in the bankruptcy proceeding.
On January 26, 1996, Jayme Baird and James Degel, guardian ad litem for Hunter Baird, petitioned the probate court for an order declaring James Baird's disclaimer valid. The bankruptcy trustee opposed the petition. At the same time, Susan Baird filed a motion to intervene in the probate proceeding. On February 14, 1996, the bankruptcy court entered an order abstaining from determining the issue of the validity of the disclaimer pending the resolution of this same issue in the probate proceeding.
On March 25, 1996, the probate court entered orders granting Susan Baird's motion to intervene, and denying the petition to declare the disclaimer valid. Rather, the court declared the instrument invalid without explanation. Jayme and Hunter Baird appealed directly to this court.
We hold anticipatory disclaimers of expectancy interests created by intestacy are not contemplated or authorized by RCW 11.86, and affirm the probate court's order declaring James Baird's disclaimer invalid.[3]

ANALYSIS

Standard of Review
The issue in this case involves statutory construction; issues concerning statutory construction are questions of law reviewed de novo. Rettkowski v. Department of Ecology, 128 Wash.2d 508, 515, 910 P.2d 462 (1996).

Disclaimers
Disclaimers[4] are defined in RCW 11.86 as "any writing which declines, refuses, renounces, or disclaims any interest that would otherwise be taken by a beneficiary." RCW 11.86.011(4). Statutory disclaimers have their roots in the common law principle that a beneficiary under a will has the right to disclaim or renounce a testamentary gift. Mark Reutlinger & William C. Oltman, Washington Law of Wills and Intestate Succession 163-67 (1985). This rule was based on the theory that no one could be forced to accept a gift. Reutlinger & Oltman, supra, at 163. However, at common law an interest passing via intestacy could not be disclaimed. *1034 See S. Alan Medlin, An Examination of Disclaimers Under UPC Section 2-801, 55 Albany L.Rev. 1233, 1235 (1992).
In Washington and other jurisdictions, this particular distinction was abrogated when the law of disclaimer was codified. See, e.g., Laws of 1973, ch. 148. Washington's disclaimer statute, RCW 11.86, was originally enacted in 1973, and almost completely rewritten in 1989. Laws of 1989, ch. 34. The current version of RCW 11.86 substantially conforms with the Uniform Probate Code's section on disclaimers. Compare RCW 11.86 with Unif. Probate Code § 2-801 (Supp. 1995).[5]
At common law and under our current statute, a properly executed and delivered disclaimer passes the disclaimed interest as if the disclaimant "died immediately prior to the date of the transfer of the interest." RCW 11.86.041(1); see Reutlinger & Oltman, supra, at 164-65. So long as a disclaimer is properly executed and timely delivered, the legal fiction of "relation back" treats the interest as having never passed to the intended beneficiary or heir at law.
In this case, Jayme and Hunter Baird argue that this legal fiction applies and prevents James Baird's interest in his mother's estate from becoming an asset of his bankruptcy estate.[6] They argue the instrument executed on March 8, 1994 by James Baird met all of RCW 11.86.031(1)'s content requirements and was properly delivered according to RCW 11.86.031(2) by being filed in Phyllis Baird's ongoing guardianship proceeding or, alternatively, in the probate proceeding following Phyllis Baird's death. Thus, Jayme and Hunter Baird assert the disclaimer was valid and effective as of the date their father executed the instrument.
We disagree. The result of adopting the children's argument in this case would be to extend the legal fiction of "relation back" at the potential expense of the bankruptcy estate and Susan Baird. That we will not do. "The doctrine of relation `is a legal fiction invented to promote the ends of justice.... It is never allowed to defeat the collateral rights of third persons, lawfully acquired.' Johnston v. Jones, 1 Black, 209, 221, 17 L.Ed. 117." In re Estate of Graley, 183 Wash. 268, 274, 48 P.2d 634 (1935) (quoting United States Fidelity & Guar. Co. v. Wooldridge, 268 U.S. 234, 238, 45 S.Ct. 489, 489, 69 L.Ed. 932, 40 A.L.R. 1094 (1925)).
Our disclaimer statute provides: "A beneficiary may disclaim an interest in whole or in part ... in the manner provided in RCW 11.86.031." RCW 11.86.021(1). "Interests" that may be disclaimed include:

*1035 the whole of any property, real or personal, legal or equitable, or any fractional part... thereof, any vested or contingent interest in any such property.... `Interest' includes, but is not limited to, an interest created ... [b]y intestate succession.
RCW 11.86.011(2)(a). An intestate interest is created only upon the death of the creator of the interest, i.e., the death of the intestate. See In re Estate of Wiltermood, 78 Wash.2d 238, 240, 472 P.2d 536 (1970); RCW 11.04.250 and RCW 11.04.290 (vesting of property under descent and distribution chapter). Thus, at the time James Baird executed the instrument at issue, he did not yet have an "interest" in his mother's estate to disclaim.
This definition of "interest" is further supported by the delivery requirements of RCW 11.86. The statute requires that a disclaimer "shall be delivered ... at any time after the creation of the interest, but in all events by nine months after the ... date of the transfer." RCW 11.86.031(2)(b) (emphasis added). As stated above, an intestate interest is not created until the death of the creator/transferor. Thus, James Baird could not have met the statutory delivery requirement on the date the instrument was executed, or, for that matter, at any time prior to his mother's death, because the "interest" had yet to be created. See In re Will of Heffner, 132 Misc.2d 361, 362, 503 N.Y.S.2d 669 (1986) (anticipatory disclaimer invalid under New York's disclaimer statute for failure to meet notice and filing requirements).
Additionally, James Baird was not a "beneficiary" under RCW 11.86 when he executed the disclaimer. The statute defines a "beneficiary" as "the person entitled, but for the person's disclaimer, to take an interest." RCW 11.86.011(1). James Baird was not entitled to take any interest in his mother's estate prior to her death. See generally Estate of Wiltermood, 78 Wash.2d at 240, 472 P.2d 536 (prior to ancestor's death, those who would take according to laws of intestate succession have only the capacity to become heirs, which is at best an expectancy); Rawsthorn v. Rawsthorn, 198 Wash. 471, 481, 88 P.2d 847 (1939) (no one can have an interest at law or in equity, contingent or otherwise, in the property of a living person to which one hopes to succeed as heir at law); In re Marriage of Leland, 69 Wash. App. 57, 71, 847 P.2d 518 (1993) (a contingent future interest in property is greater than a mere expectancy, which is not to be deemed an interest of any kind); see RCW 11.04.250 and RCW 11.04.290 (heirs have legal interests only upon the death of the creator).
We hold that as a matter of law the instrument executed by James Baird on March 8, 1994 is invalid under RCW 11.86 because at that time he did not have an "interest," nor was he a "beneficiary." In sum, RCW 11.86 does not authorize anticipatory disclaimers of expectancy interests.

Attorneys' Fees
All parties to this appeal request awards of attorneys' fees under RCW 11.96.140 and RAP 18.1, to be paid for out of the assets of the estate. RCW 11.96.140 is titled "CostsAttorneys' fees," and states:
Either the superior court or the court on appeal, may, in its discretion, order costs, including attorneys' fees, to be paid by any
party to the proceedings or out of the assets of the estate or trust or nonprobate asset, as justice may require.

CONCLUSION
We hold that the instrument executed by James Baird on March 8, 1994 is invalid as a disclaimer under RCW 11.86. We also hold for litigating the validity of the disclaimer. The order of the probate court is affirmed and the case is remanded for further proceedings consistent with this opinion.
DURHAM, C.J., DOLLIVER, SMITH, GUY, MADSEN, ALEXANDER, TALMADGE and SANDERS, JJ., concur.
NOTES
[*] Editor's Note: Amended star pagination not available.
[1] For a discussion of the facts surrounding this intentional and brutal assault see State v. Baird, 83 Wash.App. 477, 480, 922 P.2d 157 (1996), review denied, 131 Wash.2d 1012, 932 P.2d 1256 (1997).
[2] His conviction was affirmed by the Court of Appeals in Baird, 83 Wash.App. 477, 922 P.2d 157.
[3] The only issue before this court is the probate court's ruling on the validity of James Baird's disclaimer. Our review involves no other issue from any of the other four court proceedings involving one or more of these parties (the guardianship, criminal trial, personal injury action, or bankruptcy).
[4] The terms "disclaimer" and "renunciation" are used interchangeably in case law to express what in common law terms is the means to reject a testamentary gift in such a way that it passes to the renouncer's heirs as if he or she had predeceased the testator. See Mark Reutlinger & William C. Oltman, Washington Law of Wills and Intestate Succession 163-64 (1985). Washington statutes uniformly use the term "disclaimer," as will this opinion.
[5] We note that while RCW 11.86 codified the law of disclaimers, it also reserves "the right of any person, apart from this chapter, under any existing or future statute or rule of law, to disclaim any interest...." RCW 11.86.080. Thus, the common law rule allowing anticipatory disclaimers based on valuable consideration may continue to authorize that specialized subset of anticipatory disclaimers. See Stewart v. McDade, 256 N.C. 630, 124 S.E.2d 822, 826 (1962) (the disclaimer "of an expectant share to an ancestor, fairly and freely made, in consideration of an advancement or for other valuable consideration, excludes the heir from participation in the ancestor's estate at his death"); see also In re Willets' Estate, 173 Misc. 199, 17 N.Y.S.2d 578 (1939) (court upheld disclaimer of nephew who was aunt's attorney and who borrowed $10,000 from aunt, then disclaimed $10,000 from assets of her estate); McCarthy v. McCarthy, 9 Ill.App.2d 462, 133 N.E.2d 763 (1956) (upholding attorney's renunciation of an expected right under his client's will because attorney had received fair consideration for the renunciation). That issue, however, is not presently before us.
[6] Under federal bankruptcy law, a bankruptcy estate includes any interest in property that would have been property of the estate if such interest had been an interest of the debtor on the date of the filing of the petition, and that the debtor acquires or becomes entitled to acquire within 180 days after such date by bequest, devise, or inheritance. 11 U.S.C.A. § 541(a)(5). Applying this definition, James Baird's potential share of his mother's estate would be an asset of the bankruptcy estate. However, if a bankrupt validly executes and delivers a disclaimer prior to the filing of the bankruptcy petition, then the testamentary gift at issue is not part of the bankruptcy estate and descends according to state law. See In re Atchison, 925 F.2d 209 (7th Cir.1991); Stephen E. Parker, Can Debtors Disclaim Inheritances to the Detriment of Their Creditors?, 25 Loy. U. Chi. L.J. 31, 39 (1993).