[No. 30518-6-II.   Division Two.   December 14, 2004.]

THE STATE OF WASHINGTON, *Respondent*, v. TIM JAMES LANPHAR, *Appellant*.

---

670

*Tim James Lanphar*, pro se.

*David Schultz* and *R.A. Lewis*, for appellant.

*Arthur D. Curtis, Prosecuting Attorney*, and *Thomas C. Duffy, Deputy*, for respondent.

¶1 HOUGHTON, J. — Tim James Lanphar appeals from his conviction of bail jumping for failing to appear before a supervised release officer and in court. He argues that RCW 9A.76.170, the bail jumping statute, is unconstitutional and the prosecutor committed misconduct during closing argument. He also argues, pro se, that the trial court erred in admitting evidence and that he received ineffective assistance of counsel. We affirm.

## FACTS

¶2 On December 26, 2002, the court released Lanphar from custody after the police arrested him for taking a motor vehicle without permission. The court conditioned Lanphar's release on his posting a $5,000 bail bond. And the court ordered that Lanphar be "released on conditional supervision . . . to be placed in the custody of the Supervised Release Officer." Clerk's Papers at 1. The court directed Lanphar to appear in court at 9:00 A.M. on January 14, 2003, to answer the charges.

¶3 Lanphar failed to report to the supervised release officer as ordered. He also failed to appear in court on January 14, 2003, as ordered.

¶4 By second amended information, the State charged Lanphar with taking a motor vehicle without permission in the second degree (count I), a violation of RCW

9A.56.075(2), and bail jumping (count II), in violation of RCW 9A.76.170.

¶5 The matter was tried to a jury. During rebuttal argument and relying on evidence not adduced at trial, the prosecutor referred to varying dates when Lanphar should have appeared. The trial court sustained defense counsel's objection and instructed the jury to disregard the remarks.

¶6 The jury found Lanphar not guilty of count I and guilty of count II. Lanphar appeals.

## ANALYSIS

### Constitutionality

¶7 On July 1, 2001, a legislative amendment to the bail jumping statute removed a knowledge element and added an affirmative defense section. LAWS OF 2001, ch. 264, § 3. Before July 1, 2001, the statute provided that

> (1) Any person having been released by court order or admitted to bail with the requirement of a subsequent personal appearance before any court of this state, and who *knowingly* fails to appear as required is guilty of bail jumping.

Former RCW 9A.76.170(1) (2000) (emphasis added); *State v. Pope*, 100 Wn. App. 624, 627, 999 P.2d 51, *review denied*, 141 Wn.2d 1018 (2000).

¶8 Lanphar first contends that the 2001 amendment unconstitutionally violates the Washington Constitution, article II, section 19. Under that constitutional provision, "[n]o bill shall embrace more than one subject, and that shall be expressed in the title." He argues that the new statutory language expanded beyond the bill's restrictive title relating to "escaping from custody," rendering the provision unconstitutional and void. Appellant's Br. at 7. Therefore, he asserts, the elements of the pre-July 1, 2001 bail jumping crime apply to his case and because the State

did not prove that he "knowingly" failed to appear, his conviction must be reversed and dismissed.[1]

■ ¶9 We presume the constitutionality of statutes. *State v. Simmons*, 117 Wn. App. 682, 688, 73 P.3d 380 (2003), *aff'd*, 152 Wn.2d 450, 98 P.3d 789 (2004) (citing *State v. Blank*, 131 Wn.2d 230, 235, 930 P.2d 1213 (1997)). Lanphar bears the heavy burden of proving the statute unconstitutional beyond a reasonable doubt. *Simmons*, 117 Wn. App. at 688 (citing *Blank*, 131 Wn.2d at 235).

■ ¶10 Lanphar takes issue with the title, suggesting that it comprises only escape from "custody." In our review under the article II, section 19 analysis, we construe the title with reference to the language used in it. *State v. Thomas*, 103 Wn. App. 800, 807, 14 P.3d 854 (2000), *review denied*, 143 Wn.2d 1022 (2001). In doing so, we examine the body of the act in determining whether the title reflects the act's subject matter. *Thomas*, 103 Wn. App. at 807.

■ ¶11 Titles may be general or restrictive. *Thomas*, 103 Wn. App. at 807. A general title is one which is broad rather than narrow. *Citizens for Responsible Wildlife Mgmt. v. State*, 149 Wn.2d 622, 632-33, 71 P.3d 644 (2003) (citing *Amalgamated Transit Union Local 587 v. State*, 142 Wn.2d 183, 207, 11 P.3d 762 (2000)). In assessing whether a title is general, it is not necessary that the title contain a general statement of the subject of an act; a few well-chosen words, suggestive of the general subject stated, is all that is

---

[1] The State charged and convicted Lanphar under the post-July 1, 2001 statute which provides, in part:

(1) Any person having been released by court order or admitted to bail with knowledge of the requirement of a subsequent personal appearance before any court of this state, or of the requirement to report to a correctional facility for service of sentence, and who fails to appear or who fails to surrender for service of sentence as required is guilty of bail jumping.

(2) It is an affirmative defense to a prosecution under this section that uncontrollable circumstances prevented the person from appearing or surrendering, and that the person did not contribute to the creation of such circumstances in reckless disregard of the requirement to appear or surrender, and that the person appeared or surrendered as soon as such circumstances ceased to exist.

RCW 9A.76.170.

necessary. *Responsible Wildlife*, 149 Wn.2d at 632-33 (citing *Amalgamated*, 142 Wn.2d 209).

¶12 A general title broadly allows subjects that are "reasonably germane" to its title to be contained in the bill's body and even "incidental subjects or subdivisions" may be allowed. *Responsible Wildlife*, 149 Wn.2d at 632-33. " '[A] title complies with the constitution if it gives notice that would lead to an inquiry into the body of the act, or indicate to an inquiring mind the scope and purpose of the law.' " *Wash. Fed'n of State Employees v. State*, 127 Wn.2d 544, 555, 901 P.2d 1028 (1995) (quoting *Young Men's Christian Ass'n v. State*, 62 Wn.2d 504, 506, 383 P.2d 497 (1963)).

¶13 We give general titles liberal construction. *Responsible Wildlife*, 149 Wn.2d at 633. The title need not be an index to the bill's contents or detail the bill's provisions. *Retired Pub. Employees Council of Wash. v. Charks*, 148 Wn.2d 602, 628, 62 P.3d 470 (2003); *Wash. Fed'n*, 127 Wn.2d at 556. " 'All that is required is that there be some "rational unity" between the general subject and the incidental subdivisions.' " *Wash. Fed'n*, 127 Wn.2d at 556 (quoting *State v. Grisby*, 97 Wn.2d 493, 498, 647 P.2d 6 (1982), *cert. denied*, 459 U.S. 1211 (1983)).

¶14 A restrictive title encompasses " 'a particular part or branch of a subject . . . carved out and selected as the subject of the legislation.' " *Responsible Wildlife*, 149 Wn.2d at 633 (quoting *State v. Broadaway*, 133 Wn.2d 118, 127, 942 P.2d 363 (1997)). A restrictive title limits the act's scope to that in the title. *Responsible Wildlife*, 149 Wn.2d at 633. We do not accord restrictive titles liberal construction, and we are more likely to find unconstitutional violations of the single-subject rule in a restrictively titled bill. *Responsible Wildlife*, 149 Wn.2d at 633.

¶15 The title of Laws of 2001, chapter 264, "Escaping From Custody," broadly identifies what crimes comprise an escape from custody. As such it is general. Construing it liberally, we note that custody is a "restraint pursuant to a lawful arrest or an order of a court, or any period of service on a work crew." RCW 9A.76.010(1). Here,

the court ordered Lanphar to do two things, report to a supervised release officer and return to court on January 14. Thus, he was subject to a court order restraining him from acting otherwise. Bail jumping is a form of escape. Lanphar's constitutional argument fails.[2]

¶16 A majority of the panel having determined that only the foregoing portion of this opinion will be printed in the Washington Appellate Reports and that the remainder shall be filed for public record pursuant to RCW 2.06.040, it is so ordered.

¶17 Affirmed.

QUINN-BRINTNALL, C.J., and HUNT, J., concur.

---

[2] Lanphar also claims two instructional errors. But these arguments depend on his prevailing on his constitutionality claims. As we do not hold the statute unconstitutional and void, we do not address these assignments of error.