[No. 43006.   En Banc.   May 2, 1974.]

HENRY GILMORE et al., *Appellants*, v. RICHARD A. HERSHAW *et al., Respondents.*

*Bruce Keithly,* for appellants.

*Joseph Meagher* (of *Westmoreland, French & Meagher*), for respondents.

WRIGHT, J.—This is an action by contract-vendees, appellants, for rescission of real estate contracts based upon an allegation that the contract-vendors, respondents, have not complied with certain provisions of the Revised Code of Washington relating to platting. This appeal is taken from the trial court's judgment dismissing appellants' complaint with prejudice and granting judgment for costs in favor of respondents.

The following real estate transactions form the factual backdrop of the present litigation. In 1962, respondents purchased on contract about 40 acres of unimproved real property in Snohomish County. On September 1, 1968, two parcels of this property were sold on contract to appellants Whitford and Dunbar respectively. On October 22, 1968, a parcel was sold on contract to appellant Gilmore. On October 3, 1969, a parcel was sold on contract to appellant Samione. And on July 15, 1969, a parcel was sold on contract to Mrs. Chrapkowski; and on August 25, 1971, a parcel was sold on contract to Mr. and Mrs. Hanner, who, as well as Mrs. Chrapkowski, did not join in this action.

The parcels purchased by appellants Whitford and Dunbar and by Mr. and Mrs. Hanner are bounded on the west by a 30-foot strip of land that was deeded to the county many years ago. The quarter section is bounded on the north by a 20-foot strip of land which has also been deeded

to the county. To the west of the parcel purchased by appellant Gilmore is a 30-foot strip which has been denoted "for road purposes" in the contract of sale to appellant Gilmore. Title to this 30-foot strip of land still remains in respondents.

Appellants now seek rescission of their respective real estate contracts, alleging that respondents failed to plat and subdivide the subject land into tracts or lots as required by state statutes. For sales prior to August 11, 1969, appellants rely upon RCW 58.16 and the common-law right of rescission of illegal contracts. For sales subsequent to August 11, 1969, appellants rely upon RCW 58.17 and a statutory remedy of rescission granted therein for noncompliance with the requirements of the chapter.

This first issue raised on appeal is whether the respective real estate contracts between appellants Whitford, Dunbar and Gilmore and respondents are void or illegal under RCW 58.16 so as to give these appellants the common-law right of rescission of such contracts. We answer this question in the negative.

On August 11, 1969, RCW 58.17 repealed RCW 58.16.010 through RCW 58.16.110. Prior to that date, the platting and subdividing of land into lots or tracts, comprising five or more such lots or tracts, or containing a dedication of any part thereof as a public street or highway, was required to proceed under, and in compliance with, the provisions of RCW 58.16. RCW 58.16.010.

RCW 58.16.020 provided that no sale or offer for sale for such property should be made until it had the written approval of the legislative or planning authority having jurisdiction thereof and had been filed for record with the county auditor.

RCW 58.16.100 provided that the penalty for sales made before the plat was approved and filed would be $100 for each parcel sold, such penalty to be recovered by the city, town or county authority in a civil action. Such public authorities were therein given the option of enjoining the

sale via a superior court action. The record indicates that neither option was elected.

The trial court found that prior to August 11, 1969, respondents entered into only three contracts for the sale of tracts of land from their 40-acre piece of unimproved property, *i.e.*, the contract sales to appellants Whitford, Dunbar and Gilmore. The findings of the trial court will not be disturbed on appeal if evidence is present in the record to support the findings. *Sylvester v. Imhoff*, 81 Wn.2d 637, 503 P.2d 734 (1972); *State v. Braun*, 82 Wn.2d 157, 509 P.2d 742 (1973). Likewise, as discussed below, the trial court found that there had been no dedication of any land for public road purposes.

Furthermore, an expression of one thing in a statute excludes others not expressed. *State v. Thompson*, 38 Wn.2d 774, 232 P.2d 87 (1951). While specifically allowing the appropriate public authority to recover a civil fine for the sale of unplatted land or, optionally, to seek an injunction against such sale, this pre-1969 chapter did not provide a remedy of rescission to the vendee of unplatted land. Such a remedy is, therefore, excluded by implication. Nor did the chapter make the sale of such land void or illegal so as to give the vendee a common-law remedy of rescission. Whether the omission of such a provision is the product of inadvertence or intention, the fact remains that the chapter lacks such a provision. The court cannot read into a statute anything which it may conceive that the legislature has unintentionally left out. *Department of Labor & Indus. v. Cook*, 44 Wn.2d 671, 269 P.2d 962 (1954); *Seattle Ass'n of Credit Men v. General Motors Acceptance Corp.*, 188 Wash. 635, 63 P.2d 359 (1936). Thus, these appellants have no common-law right to rescission.

The second issue raised on appeal is whether any or all appellants may avail themselves of the statutory right of rescission expressed in RCW 58.17. We also answer this question in the negative.

RCW 58.17.030 provides that every subdivision of land

shall comply with the provisions of RCW 58.17. However, RCW 58.17.040 qualifies the requirement of that provision by stating in part:

The provisions of this chapter shall not apply to:

. . .

(2) Divisions of land into lots or tracts where the smallest lot is twenty acres or more *and not containing a dedication of a public right-of-way;*

(3) Divisions of land into lots or tracts none of *which are* [*sic*] *smaller than five acres and not containing a dedication* unless the governing authority of the city, town or county in which the land is situated shall have by ordinance provided otherwise.

(Italics ours.)

RCW 58.17.210 provides in part that a vendee of land divided in violation of the chapter may, as an alternative to conforming his property to the chapter's requirements, rescind the sale.

■■ A legislative enactment is presumed to apply prospectively only; and it will not be held to apply retrospectively unless such legislative intent is clearly expressed or to be implied. *Baker v. Baker,* 80 Wn.2d 736, 498 P.2d 315 (1972). This is especially true when the retrospective operation would disturb vested rights or imposes a penalty. *Snow's Mobile Homes, Inc. v. Morgan,* 80 Wn.2d 283, 494 P.2d 216 (1972). There is no express legislative intent that the chapter in question should be applied retrospectively. Nor does such an implied intent clearly exist within the chapter. *Sorensen v. Western Hotels, Inc.,* 55 Wn.2d 625, 349 P.2d 232 (1960). The chapter is, therefore, inapplicable to sales of lots prior to August 11, 1969; and appellants Whitford, Dunbar and Gilmore have no elective right of rescission of their real estate contracts under RCW 58.17.210.

The trial court found that the only sales contracts entered into subsequent to August 11, 1969, are those of appellant Samione, Mr. and Mrs. Hanner and Mrs. Chrapkowski. However, appellant Samione does not fall within

the requirements of the chapter so as to elect rescission of his real estate contract under RCW 58.17.210.

In construing legislation, the first resort of this court is to the context and subject matter of the legislation, because the intent of the legislature is to be deduced, if possible, from what is said. *Schneider v. Forcier,* 67 Wn.2d 161, 406 P.2d 935 (1965); *Hatzenbuhler v. Harrison,* 49 Wn.2d 691, 306 P.2d 745 (1957).

RCW 58.17.040(3) exempts from the provisions of the chapter divisions of land into lots or tracts none of which are smaller than 5 acres and not containing a dedication. There is no clear evidence in the record indicating the actual size of any of the tracts of land sold, except that sold to appellants Whitford and Dunbar, which is purportedly 14 acres. The trial court found that none of the parcels sold since August 1969, were purported to be smaller than 5 acres. This finding will not be disturbed on appeal. *Sylvester v. Imhoff, supra.*

The statute itself is the best source from which to determine the definition of a word used in the statute. *A.O. Andersen & Co. v. United States,* 284 F. 542 (9th Cir. 1922). RCW 58.17.020(3) defines the word "dedication" as follows:

> (3) "Dedication" is the deliberate appropriation of land by an owner for any general and public uses, reserving to himself no other rights than such as are compatible with the full exercise and enjoyment of the public uses to which the property has been devoted. The intention to dedicate shall be evidenced by the owner by the presentment for filing of a final plat or short plat showing the dedication thereon; and, the acceptance by the public shall be evidenced by the approval of such plat for filing by the appropriate governmental unit.

The only evidence of a dedication is in the contract of sale to appellant Gilmore which contains a clause stating that a designated 30-foot strip of land is to be used "for road purposes." Title to this strip of land still remains in respondents. The trial court found that the only evidence of

any work done on this road is that it was roughed-in at one time. It further found that there had been no dedication. Its findings will not be disturbed by this court. *Sylvester v. Imhoff, supra.*

Thus, appellant Samione is precluded by RCW 58.17.040 (3) from electing rescission of his real estate contract under RCW 58.17.210.

Judgment of the trial court affirmed.

HALE, C.J., and FINLEY, ROSELLINI, HUNTER, HAMILTON, STAFFORD, UTTER, and BRACHTENBACH, JJ., concur.