[No. 53881-1-I. Division One. April 18, 2005.]

*In the Matter of the Detention of* Louis W. Brock.

The State of Washington, *Respondent*, v. Louis W. Brock, *Appellant*.

*Dana M. Lind* (of *Nielsen, Broman & Koch, P.L.L.C.*), for appellant.

*Janice E. Ellis, Prosecuting Attorney*, and *Seth A. Fine, Deputy*, for respondent.

¶1 AGID, J. — While detained as a sexually violent predator at the Special Commitment Center (SCC), Louis Brock petitioned for unconditional discharge. The court held a show cause hearing at which the State relied solely on annual reports prepared by SCC doctors to show that Brock continued to meet the definition of a sexually violent predator. Brock presented no evidence that his condition had changed, and the trial court denied his petition on the basis of the annual reports. RCW 71.09.090(2)(b) permits the State to rely on the annual reports without presenting additional evidence at show cause hearings. Brock challenges this statutory provision, arguing it violates his due process rights. Because the State may rely solely on documentary evidence at the show cause hearing, Brock asserts the statute deprives him of the ability to effectively cross-examine the witnesses against him. But because the committed person has the right to depose the State's witness(es) before the show cause hearing, and the show cause hearing is not the proper stage of the proceedings to challenge or weigh the evidence, there is no due process violation. We affirm.

## FACTS

¶2 In 1991, a jury found that Louis W. Brock was a sexually violent predator (SVP) under chapter 71.09 RCW, and the court committed him to the SCC. In September 2003, Brock filed a pro se petition for unconditional discharge, and the court held the mandatory show cause hearing in January 2004.[1] At the hearing, both Brock and

---

[1] A committed SVP has the right to petition annually for unconditional release or conditional release to a less restrictive alternative. If he or she does not affirmatively waive this right, the court must set a show cause hearing. RCW

his attorney told the court they were not ready to proceed,[2] but the State asked the court to enter an order denying Brock's motion for discharge. As proof that Brock continued to meet the definition of an SVP, the State relied on the most recent annual report on Brock's condition, prepared by the SCC's Dr. Paul Spizman and dated January 19, 2003, along with two previous annual reports prepared by the SCC's Dr. Robert Saari.[3] All three reports recommended that Brock not be discharged or conditionally released to a less restrictive alternative. Brock had to rely solely on his petition for discharge, which contained only allegations of inadequate treatment and facilities at SCC rather than any proof that his condition had changed. The trial court denied Brock's petition for unconditional discharge, concluding that "the State presented proof that [Brock] continued to meet the requirement for commitment. There is no deficiency in this proof that would establish probable cause to find the contrary. [Brock] has presented no conflicting evidence."[4] Brock appeals.

71.09.090(2)(a). Brock contends that his statutory right to an annual show cause hearing had been denied before January 2004 because his attorney did not pursue his request for a hearing, and the State never properly informed him of his rights. While this is disconcerting, Brock does not assign error to these omissions, and we do not consider them on review.

If a party fails to assign error, we cannot review the issue. *Escude ex rel. Escude v. King County Pub. Hosp. Dist. No. 2*, 117 Wn. App. 183, 190 n.4, 69 P.3d 895 (2003) (citing *Hollis v. Garwall, Inc.*, 137 Wn.2d 683, 689 n.4, 974 P.2d 836 (1999); *Cowiche Canyon Conservancy v. Bosley*, 118 Wn.2d 801, 809, 828 P.2d 549 (1992); *CTVC of Haw. Co. v. Shinawatra*, 82 Wn. App. 699, 706 n.2, 919 P.2d 1243, 932 P.2d 664 (1996), *review denied*, 131 Wn.2d 1020 (1997)).

[2] Brock contends he was not given notice of the hearing date and had only a few minutes to gather his things when the sheriff's office picked him up at the SCC. Brock's attorney learned of the hearing only the day before when Brock telephoned him.

[3] RCW 71.09.070 provides that each committed SVP

shall have a current examination of his or her mental condition made by the department of social and health services at least once every year. The annual report shall include consideration of whether the committed person currently meets the definition of a sexually violent predator and whether conditional release to a less restrictive alternative is in the best interest of the person and conditions can be imposed that would adequately protect the community. . . .

[4] The trial court specifically entered the order without prejudice to allow Brock to file another petition after the Department completed his 2004 annual report.

## DISCUSSION

¶3 Brock argues that RCW 71.09.090(2)(b) violates due process by allowing the State to rely solely on the annual report to show that a committed person continues to meet the definition of a sexually violent predator. RCW 71.09.090(2)(b) states:

The committed person shall have a right to have an attorney represent him or her at the show cause hearing, which may be conducted solely on the basis of affidavits or declarations, but the person is not entitled to be present at the show cause hearing. At the show cause hearing, the prosecuting attorney or attorney general shall present prima facie evidence establishing that the committed person continues to meet the definition of a sexually violent predator and that a less restrictive alternative is not in the best interest of the person and conditions cannot be imposed that adequately protect the community. In making this showing, the state may rely exclusively upon the annual report prepared pursuant to RCW 71.09.070. The committed person may present responsive affidavits or declarations to which the state may reply.

This section must be read in the context of the provision that immediately follows it, RCW 71.09.090(2)(c):

If the court at the show cause hearing determines that either: (i) The state has failed to present prima facie evidence that the committed person continues to meet the definition of a sexually violent predator and that no proposed less restrictive alternative is in the best interest of the person and conditions cannot be imposed that would adequately protect the community; or (ii) probable cause exists to believe that the person's condition has so changed that: (A) The person no longer meets the definition of a sexually violent predator; or (B) release to a less restrictive alternative would be in the best interest of the person and conditions can be imposed that would adequately protect the community, then the court shall set a hearing on either or both issues.

The Department anticipated filing the 2004 report shortly after the annual review hearing at issue here.

¶4 We review constitutional challenges to a statute de novo, and the party challenging the statute must prove it is unconstitutional beyond a reasonable doubt.[5] The sexually violent predator statute is civil in nature,[6] so the right to confrontation does not apply.[7] But freedom from bodily restraint is an essential component of the liberty interest protected by the United States Constitution's fourteenth amendment due process clause.[8] And involuntary commitment, whether criminal or civil in nature, is a significant deprivation of liberty which may trigger due process protection.[9] Thus, due process may guarantee the right to cross-examine witnesses even if the confrontation clause does not apply directly.

¶5 Brock argues that RCW 71.09.090(2)(b) violates due process because the committed person cannot cross-examine documentary evidence at the show cause hearing. Recently, in *Crawford v. Washington*,[10] the United States Supreme Court held that the confrontation clause barred out-of-court testimonial statements by witnesses unless the witnesses were unavailable and the defendants had a prior opportunity to cross-examine them. Brock argues that due process requires *Crawford*-like protections that bar the State from using documentary opinions of experts who are absent at show cause hearings. The State argues that because the show cause hearing does not involve weighing

[5] *State v. Mertens*, 148 Wn.2d 820, 826, 64 P.3d 633 (2003) (citing *State v. Blilie*, 132 Wn.2d 484, 489, 939 P.2d 691 (1997); *Island County v. State*, 135 Wn.2d 141, 146, 955 P.2d 377 (1998)).

[6] *In re Pers. Restraint of Young*, 122 Wn.2d 1, 23, 857 P.2d 989 (1993).

[7] *Chmela v. Dep't of Motor Vehicles*, 88 Wn.2d 385, 561 P.2d 1085 (1977). The sixth amendment to the United States Constitution provides that "[i]n all criminal prosecutions, the accused shall enjoy the right . . . to be confronted with the witnesses against him . . . ." Article I, section 22 of the Washington Constitution provides that "[i]n criminal prosecutions, the accused shall have the right to . . . meet the witnesses against him face to face . . . ."

[8] *In re Det. of Thorell*, 149 Wn.2d 724, 731, 72 P.3d 708 (2003), *cert. denied*, 541 U.S. 990 (2004).

[9] *Id.* (citing *Foucha v. Louisiana*, 504 U.S. 71, 80, 112 S. Ct. 1780, 118 L. Ed. 2d 437 (1992)).

[10] 541 U.S. 36, 124 S. Ct. 1354, 158 L. Ed. 2d 177 (2004).

evidence, due process does not require cross-examination. Only where the fact-finder must consider credibility and balance conflicting evidence does cross-examination serve some purpose. The State also contends that the show cause hearing satisfies due process because the committed person can use the civil discovery rules to depose the State's expert(s) and can also obtain his or her own expert.

■ ¶6 In determining what procedures due process requires, we balance three factors: (1) the private interest affected; (2) the risk of erroneous deprivation of that interest through existing procedures and the value of additional procedural safeguards; and (3) the governmental interest, including costs and administrative burdens of additional procedures.[11] Here, the private interest affected—freedom from confinement—is clearly of great importance. The government's interest is arguably substantial because there are approximately 200 residents at SCC and the State's expert(s) would potentially have to testify at a hearing for every resident every year. So we must look to the second factor to resolve the due process issue in this case, that is, whether existing show cause procedures adequately protect the committed person's interest and the value of adding the right to cross-examine witnesses at the hearing. This analysis requires that we review the nature of the show cause hearing itself.

■ ¶7 In *In re Detention of Petersen*, the Washington Supreme Court held that the State has the burden of proof at a show cause hearing.[12] The standard of proof is probable cause, which the State satisfies by making a prima facie showing.[13] The State makes the required showing by coming forth with evidence that, if believed, shows the committed person still meets the criteria for commitment. Conversely, there is probable cause to proceed to a full

---

[11] *Guardianship Estate of Keffeler v. Dep't of Soc. & Health Servs.*, 151 Wn.2d 331, 343, 88 P.3d 949 (2004) (citing *Mathews v. Eldridge*, 424 U.S. 319, 335, 96 S. Ct. 893, 47 L. Ed. 2d 18 (1976)).

[12] 145 Wn.2d 789, 796, 42 P.3d 952 (2002).

[13] *Id.* at 797.

evidentiary hearing if the State's proof is deficient or if the committed person's proof is sufficient to meet the standard set out in RCW 71.09.090(2)(c).[14] Thus,

> Even if the State carries its burden to prove a prima facie case for continued imprisonment, the prisoner may present his own evidence which, if believed, would show (1) the prisoner no longer suffers from a mental abnormality or personality disorder, i.e., the prisoner has "so changed," or (2) if the prisoner still suffers from a mental abnormality or personality disorder, the mental abnormality or personality disorder would not likely cause the prisoner to engage in predatory acts of sexual violence if conditionally released to a less restrictive alternative or unconditionally discharged . . . .[15]

Because courts do not weigh evidence to determine probable cause,[16] the court's role at a show cause hearing "is to simply determine whether the factual assertions are sufficient and whether, when taken as true, the evidence establishes probable cause."[17] A show cause hearing is not the proper stage in the proceedings to challenge and weigh the evidence.[18]

¶8 Existing show cause hearing procedures ensure a minimal risk that the court will erroneously deprive the committed person of his or her liberty. In *Petersen* the court held that, as with any civil proceeding, the committed person "is allowed to depose any of the State's expert witnesses and conduct such discovery as is permitted by the civil rules."[19] The SVP statute also gives the committed person the right to retain his or her own expert for an

---

[14] *Id.* at 798.

[15] *Id.* at 798-99.

[16] *Id.* at 798.

[17] *In re Det. of Jacobson*, 120 Wn. App. 770, 781, 86 P.3d 1202 (2004).

[18] *In re Det. of Young*, 120 Wn. App. 753, 759, 86 P.3d 810, *review denied*, 152 Wn.2d 1035 (2004).

[19] *Petersen*, 145 Wn.2d at 801. The court cites former RCW 71.09.090(2) (1995), but any changes in the statute's language do not affect its holding.

annual examination to prepare for a show cause hearing.[20] But, as with the State's experts, the court cannot weigh the testimony of the committed person's experts. If the committed person's evidence establishes probable cause to believe he or she has "so changed" that total confinement is no longer necessary, the court must order a full evidentiary hearing.

¶9 Brock argues that detainees must be able to cross-examine the State's experts in order to challenge their conclusions in the annual reports. He cites two recent New Jersey appellate decisions that applied *Crawford*-like protections to sexually violent predator civil commitment hearings. In both *In re Civil Commitment of E.S.T.*[21] and *In re Civil Commitment of G.G.N.*,[22] the State relied on hearsay evidence to support commitment petitions.[23] The court was concerned that cross-examination was impossible, and thus the procedure violated due process. But those cases are easily distinguished from ours because they involved civil commitment hearings—evidentiary hearings requiring fact-finding and weighing of the evidence—not show cause hearings. At a show cause hearing the parties are limited to presenting evidence which, if believed, supports their respective conclusions about the committed person. As long as the facts in the annual reports supported the State's experts' ultimate conclusion that Brock continued to meet the definition of a sexually violent predator, Brock needed to present evidence which, if believed, showed his condition

---

[20] RCW 71.09.070 provides in part: "The committed person may retain, or if he or she is indigent and so requests, the court may appoint a qualified expert or a professional person to examine him or her, and such expert or professional person shall have access to all records concerning the person."

[21] 371 N.J. Super. Ct. App. Div. 562, 854 A.2d 936 (2004).

[22] 372 N.J. Super. Ct. App. Div. 42, 855 A.2d 569 (2004).

[23] *In re Civil Commitment of E.S.T.*, 371 N.J. Super. Ct. App. Div. at 573; *In re Civil Commitment of G.G.N.*, 372 N.J. Super. Ct. App. Div. at 58.

had "so changed" that total commitment was no longer warranted.[24]

¶10 Brock has sufficient avenues at his disposal to gather that evidence. While cross-examination of the State's experts at a show cause hearing could conceivably elicit information helpful to the committed person, he or she can do the same thing by using the civil discovery rules. Evidence garnered before the show cause hearing is just as useful, if not more so, to the committed person than evidence elicited at the hearing itself. There is minimal value to allowing cross-examination at a show cause hearing.

¶11 We hold that RCW 71.09.090(2)(b) does not violate due process because existing show cause hearing procedures sufficiently minimize the risk of an erroneous deprivation of a committed person's liberty interest, and the probable value of cross-examination at a show cause hearing is minimal. We affirm.

BAKER and KENNEDY, JJ., concur.

---

[24] In his brief, Brock points to Dr. Barbaree's opinions about the aging process diminishing an offender's risk of recidivism. Brock never offered this theory at his show cause hearing.