132 P.3d 778 (2006)
132 Wash.App. 504
David L. HORNBACK and Susan Hornback, husband and wife, Appellants,
v.
Ken WENTWORTH and Diane Wentworth, husband and wife, Respondents and Cross-Appellants.
No. 23842-3-III.
Court of Appeals of Washington, Division 3.
April 20, 2006.
*779 Carl N. Warring, Warring Law Firm P.S., Moses Lake, WA, for Appellants.
Larry W. Larson, Mitchell J. Heaps, Lukins & Annis, P.S., Moses Lake, WA, for Respondents and Cross-Appellants.
BROWN, J.
¶ 1 This is a real estate contract dispute between purchasers David and Susan Hornback and vendors Ken and Diane Wentworth. The purchasers failed to make contract payments and then a zoning change made contract performance illegal. The Hornbacks asked for their money back. The Wentworths refused. The Hornbacks sued for rescission. Based upon impossibility, the court equitably discharged the contract obligations by granting common-law rescission to the Hornbacks and ordered restitution of payments with statutory 12 percent interest from the date of rescission. On appeal, the Hornbacks contend the court erred in not applying statutory rescission, a remedy supporting damages and attorney fees, and in not allowing prejudgment interest from each payment date. On cross-appeal, the Wentworths contend the court erred in granting any rescission, and in not limiting interest to the lower contract rate.
¶ 2 We hold the trial court did not abuse its equitable discretion in ordering common law rescission for intervening, supervening, legal performance impossibility and did not err in equitably adjusting the parties' gains and losses. Accordingly, we affirm.

FACTS
¶ 3 The facts are drawn from the trial court's unchallenged findings of fact, which are, therefore, verities on appeal. State v. Hill, 123 Wash.2d 641, 644, 870 P.2d 313 (1994).
¶ 4 In 1986, the Wentworths acquired a 10-acre parcel of undeveloped real property in Grant County. In 1990, they sold 4 acres to a developer and approximately 1 acre to a purchaser by means of segregation. Segregation of a single lot was permissible under the then applicable Grant County subdivision ordinances. The county allowed one segregation every five years, with a minimum lot size of 1 acre, without compliance with platting procedures, as long as the newly created lot would be occupied as a residence by its owners.
¶ 5 On October 31, 1995, the Wentworths entered into a real estate contract with the Hornbacks, allowing the Hornbacks to purchase 1.19 acres of the Wentworths' remaining land for $20,000. The contract provided that if the Hornbacks failed to make payments, interest would be calculated at 11 percent. If the Wentworths were forced to pay any related property expenses, these expenses would be added to the contract price, "with interest at the rate of 11 per cent per annum until paid." Clerk's Papers (CP) *780 at 131. The Hornbacks paid $10,000 up front and agreed to pay the remaining $10,000 by January 10, 1996 in return for a statutory warranty deed.
¶ 6 Soon after executing the contract, the Wentworths left for Mexico, which they routinely did during the winter months. Neither the Wentworths nor the Hornbacks abided by the terms of their contract. The Hornbacks experienced financial difficulties and the Wentworths failed to segregate the Hornbacks' property, hindering them from providing a statutory warranty deed to the Hornbacks.
¶ 7 The parties continued in limbo until 1999, when the Hornbacks' financial state improved. On August 30, 1999, the Hornbacks paid $5,000 of the owing $10,000. They purchased a mobile home to place on the property. And, the Hornbacks began leveling, excavation, and septic system design work in anticipation of moving their mobile home on the property.
¶ 8 During the winter of 1999, the Hornbacks learned Grant County ordinances were amended regarding segregation. The minimum lot size for both the parent parcel and the newly created parcel was 2.5 acres. Due to the delay in securing a deed to the property, the Hornbacks experienced problems with where to place their newly purchased mobile home.
¶ 9 Upon returning from Mexico in the spring of 2000, the Wentworths experienced the same lack of success encountered by the Hornbacks with segregating the property. The Hornbacks requested a refund of the funds they paid for the property, which the Wentworths refused. As a result, the Hornbacks filed suit, requesting rescission.
¶ 10 The court found the Hornbacks were entitled to the equitable remedy of rescission and were entitled to recover the $15,000 they paid to the Wentworths plus 12 percent interest "from the date of payment to the date of judgment." CP at 39. The court found statutory rescission did not apply because the parties' contract was not in violation of any county ordinance at the time it was entered. Both parties unsuccessfully requested reconsideration, but the court did amend its findings to read "the Grant County subdivision ordinance, as it existed in October 1995, was not admitted in evidence." CP at 107. The court also changed the date interest should commence from "the date of payment" to "October 19, 2000," the date the Hornbacks requested rescission. CP at 107. Both parties' appealed.

ANALYSIS

A. Rescission Remedy
¶ 11 The issue is whether the trial court erred by abusing its discretion in denying the Hornbacks' request for reconsideration of the court's decision to apply common-law rescission rather than statutory rescission. The Hornbacks contend if statutory rescission were applied, they would be entitled to damages and attorney fees.
¶ 12 We review a trial court's reconsideration decision for an abuse of discretion. Rivers v. Wash. State Conf. of Mason Contrs., 145 Wash.2d 674, 685, 41 P.3d 1175 (2002). A trial court abuses its discretion when it bases its decision on untenable grounds or reasons. Weems v. N. Franklin Sch. Dist., 109 Wash.App. 767, 777, 37 P.3d 354 (2002). However, whether a statute applies to a case is a matter reviewed by this court de novo. In re Estate of Baird, 131 Wash.2d 514, 518, 933 P.2d 1031 (1997).
¶ 13 Chapter 58.17 RCW covers land subdivisions. A subdivision is the division of land into five or more lots. RCW 58.17.020. RCW 58.17.210 provides, "[no] building permit... shall be issued for any lot ... divided in violation of this chapter or local regulations adopted pursuant thereto." If the seller is unable to secure a building permit, the purchaser "may ... rescind ... and recover costs of investigation, suit, and reasonable attorneys' fees occasioned thereby." RCW 58.17.210 (emphasis added). Since this case involves fewer than five lots, local regulations apply. RCW 58.17.030.
¶ 14 Applicable here is Section 34 of Grant County's short plat and short subdivision ordinance. Section 34 provides if a transferee cannot secure a building permit, he or she "may recover damages from the transferor, to include compensation for the loss of his *781 bargain, actual costs of investigation and suit[,] reasonable attorney's fees and such additional elements as the law allows." CP at 89 (emphasis added).
¶ 15 Uncontested Finding of Fact 18 shows that sometime between the parties' contract date and 1999, Grant County amended its minimum lot size from 1 acre to 2.5 acres. This finding supports the trial court's conclusion that the Hornbacks could legally secure a building permit in 1995, but not in 1999. Thus, the trial court was faced with intervening, superseding, legal performance impossibility.
¶ 16 The facts show both parties contributed to the impossibility. The Hornbacks failed to make the final contract payment in January 1996 because of financial difficulties. The Wentworths did not initiate forfeiture proceedings. Instead, they worked with the Hornbacks during their financial difficulty and allowed tardy part payment. But, part payment on the balance was not made until August 1999 and the zoning problem surfaced. When the Wentworths returned from their annual six-month Mexican sojourn in 2000, they attempted to segregate the Hornback lot, but failed due to the changed legal landscape. The Hornbacks filed suit requesting rescission, an equitable remedy. Thus, the trial court was faced with equitably unwinding the contract and equitably adjusting the parties' gains and losses in the rescission process; an exercise of discretion. Willener v. Sweeting, 107 Wash.2d 388, 397, 730 P.2d 45 (1986).
¶ 17 Under Section 34 of the Grant County ordinance, and RCW 58.17.210, relating to subdivisions, relief is discretionarily cast. The use of "may" rather than "shall" is consistent with the court's duty to seek equitable rescission. The statutory measures merely "augment the usual panoply of measures which flow from a purchaser's common law right of rescission." Busch v. Nervik, 38 Wash.App. 541, 547, 687 P.2d 872 (1984). Thus, whether in common law rescission or in statutory rescission, the court's duty remained the same, to exercise equitable discretion in the unwinding process.
¶ 18 The trial court, in shaping an equitable remedy, decided not to provide certain available statutory rescission remedies, like specific damages and attorney fees, reasoning when the parties contracted no county ordinance proscribed their bargain. Considering the ensuing shortcomings of both parties and the developing equities, we cannot say the court's equitable remedy selection was error. Therefore, we reject the Hornbacks' argument that specific damages and attorney fees are mandatory. Our focus remains on whether the trial court abused its equitable discretion when shaping this particular remedy based upon the given facts.
¶ 19 The record shows the court properly balanced the equities between the parties in adjusting their respective gains and losses while unwinding the contract during rescission. On one hand, the Hornbacks lost their lot and startup expenses because they did not make the final January 1996 payment. On the other hand, while the Wentworths lost their profit and the opportunity to complete the sale in the earlier favorable statutory scheme, they may have gained some value from the Hornbacks' startup payments. On this record, we cannot say substantial justice was not done. See Mendez v. Palm Harbor Homes, Inc., 111 Wash.App. 446, 460, 45 P.3d 594 (2002) (equity's goal is substantial justice). Considering all, we hold the trial court did not err in exercising its equitable discretion by attempting to return the parties as much as possible to the status quo before the agreement. Willener, 107 Wash.2d at 397, 730 P.2d 45.
¶ 20 The Hornbacks' remaining contention that the trial court was required to grant prejudgment interest from the date of each payment rather than the date of rescission request is equally a matter of equity. While the court had discretion to start interest from the respective payment dates, its exercise of discretion was designed to adjust the respective gains and losses. Even if it were an enforceable legal right, equity may prevent enforcement to do substantial justice. Mendez, 111 Wash.App. at 460, 45 P.3d 594. In any event, the Hornbacks' payments belonged to the Wentworths until rescission was sought and were not in that sense wrongfully withheld. A trial court's *782 award of prejudgment interest is reviewed for an abuse of discretion. Curtis v. Security Bank, 69 Wash.App. 12, 20, 847 P.2d 507 (1993). Considering our record, we conclude no abuse of discretion occurred.

B. Cross-Appeal
¶ 21 First, the Wentworths contend no rescission is merited. However, as discussed, the intervening supervening legal impossibility properly supports the equitable remedy of rescission. Still, the Wentworths argue the Hornbacks waived rescission by their conduct. Second, they argue the Hornbacks failed to tender full payment. Third, the Wentworths argue no additional consideration supports a contract modification. Lastly, the Wentworths argue the Hornbacks' claim is barred by the statute of limitations.
¶ 22 Our standard of review is whether the trial court abused its discretion in rescinding the contract. Willener, 107 Wash.2d at 397, 730 P.2d 45. "`Rescission is an equitable remedy and requires the court to fashion an equitable solution.'" Id. (citing Nervik, 38 Wash.App. at 547, 687 P.2d 872). The parties should be restored to the "positions they would have occupied if no contract had ever been made." Id. The court's equitable powers include the power to prevent the enforcement of a legal right to prevent an inequity under the circumstances. Mendez, 111 Wash.App. at 460, 45 P.3d 594. Equity's goal is to do substantial justice. Id.
¶ 23 The Wentworths first three arguments lack merit because courts sitting in equity exercise broad discretion shaping relief. Hough v. Stockbridge, 150 Wash.2d 234, 236, 76 P.3d 216 (2003). Waiver, partial consideration and modification issues do not override the intervening, superseding, legal performance impossibility in Grant County. Void or illegal real estate contracts create a common law right to rescission. Gilmore v. Hershaw, 83 Wash.2d 701, 704, 521 P.2d 934 (1974).
¶ 24 Relying on Browning v. Howerton, 92 Wash.App. 644, 966 P.2d 367 (1998), the Wentworths argue the parties' contract lacked material terms covering the Wentworths' obligation to segregate the land and parol evidence would show evidence triggering the three-year statute of limitations under RCW 4.16.080(3). But we are not dealing with missing material contract terms in our uncontested facts. Thus, Browning does not aid the Wentworths. Notably, Browning in dicta recognized rescission based upon mutual mistake is still an action upon a written contract subject to the six-year limitation period of RCW 4.16.040. Id. at 649-50, 966 P.2d 367. And, the Hornbacks brought their suit within three years of discovering the impossibility in any event.
¶ 25 Second, the Wentworths alternatively contend that even if rescission was merited, prejudgment interest should have been limited to the 11 percent contract rate. While the parties' contract sets an 11 percent interest rate, this rate related to (1) the rate the Hornbacks would pay if payments were deferred, and (2) the rate the Hornbacks would pay on property expenses, such as taxes and insurance, paid by the Wentworths if the Hornbacks failed to pay the expenses. The contract interest rate was not set to provide for equitable restitution upon rescission. Considering all, we cannot say the court erred in equitably setting the prejudgment interest rate at 12 percent.

C. Attorney Fees
¶ 26 The Hornbacks request for attorney fees under RCW 58.17.210 is denied. They have not prevailed. The Wentworths initially requested attorney fees under RCW 4.84.250 but acknowledged in their reply brief that this section was inapplicable and withdrew their request.
¶ 27 Affirmed.
I CONCUR: KATO, J.
SWEENEY, C.J. (dissenting).
¶ 28 The question before the court is whether David and Susan Hornback are entitled to the benefit of RCW 58.17.210. That statute, like the common law doctrine of equitable rescission, permits them to rescind this contract, but in addition provides for reasonable attorney fees. Whether this statute applies is a question of law we should review de novo. In re Estate of Baird, 131 *783 Wash.2d 514, 517-18, 933 P.2d 1031 (1997). The question before us is not whether the trial judge abused his discretion. The question is whether this statute applies.
¶ 29 The trial judge concluded that the statutory rescission did not apply because the contract was not in violation of any county ordinance "at the time it was entered into." Clerk's Papers (CP) at 39. This is error. Neither RCW 58.17.210 nor the Grant County ordinance referenced in the majority opinion limits the remedies available under this statute to sales where a building permit could not have been secured "at the time [the contract] was entered into," as the court concluded. CP at 39 (emphasis omitted).
¶ 30 A purchaser, who cannot secure a building permit, may rescind "and recover costs of investigation, suit, and reasonable attorneys' fees occasioned thereby." RCW 58.17.210. Both the legislature and Grant County provide for recovery costs and fees in addition to the remedy of rescission. The trial court erred in denying the Hornbacks this remedy. I would reverse and remand with instructions to award costs and attorney fees.