**IN THE COURT OF APPEALS OF THE STATE OF WASHINGTON**

JULIE LIVINGSTON and ROBERT HUTZEL, a married couple,

        Appellants,

        v.

RANDY HANSON and JANE DOE HANSON, a married couple; TOM HANSON and JANE DOE HANSON, a married couple; LESTER RILEY and SUAN RILEY, a married couple; VANCOUVER LAND LAW CORP., a Washington Corporation; MORNINGVIEW, INC., a South Dakota Corporation; RILEY DEVELOPMENT, LLC, a Washington limited liability company; CORPORATIONS I-X; LIMITED LIABILITY COMPANIES I-X; and JOHN and JANE DOES I-X,

        Respondents.

No. 87077-7-I

DIVISION ONE

UNPUBLISHED OPINION

FELDMAN, J. — Plaintiffs herein appeal from an October 23, 2023 order (the October 23 Order) granting summary judgment dismissing all of their claims against Defendants.[1] Plaintiffs also appeal from a December 22, 2023 order (the December 22 Order) confirming that the October 23 Order dismissed all of their

---

[1] As used herein, "Plaintiffs" refers to appellants Julie Livingston and Robert Hutzel, "Hansen Defendants" refers to respondents Randy and Jane Doe Hanson, Tom and Jane Doe Hanson, and Morningview Inc., "VLL" refers to respondent Vancouver Land Law Corp., and "Defendants" refers to both VLL and the Hanson Defendants.

claims against Defendants and, accordingly, no further claims remained for adjudication. Because the appeal is untimely as to the October 23 Order, we do not reach Plaintiffs' argument that the trial court erred in dismissing their claims on summary judgment. And because Plaintiffs have not established that the December 22 Order is erroneous, we affirm that ruling—thereby resolving the only issue arguably before us in this appeal.

I

The dispute here arises out of several loan transactions and competing security interests involving various borrowers and multiple properties. Relevant here, Plaintiffs allege that Defendants misrepresented the nature and extent of their competing security interests, which then caused Plaintiffs to settle their foreclosure claim against certain borrowers and reconvey their deed of trust for a discounted settlement amount—thereby benefiting Defendants and harming Plaintiffs.

When they concluded that Defendants had misrepresented the true nature and extent of their competing security interests, Plaintiffs filed their complaint in the trial court below. In their "first claim for relief" and "second claim for relief," respectively, Plaintiffs assert claims against Defendants for fraudulent and negligent misrepresentation. In their "third claim for relief," Plaintiffs seek rescission of the underlying settlement agreement or, alternatively, an award of damages (which they characterize as restitution).

The Hanson Defendants filed a motion for summary judgment, and VLL joined that motion, seeking dismissal of Plaintiffs' claims. Addressing the relief requested by their motion, the Hanson Defendants' supporting memorandum

asserts the court should enter an order "Dismissing Plaintiffs' claims."[2]  In its separate joinder, VLL likewise requested "complete dismissal" of Plaintiffs' claims. The trial court granted the motion.  Consistent with the Hanson Defendants' supporting memorandum and VLL's joinder, the trial court's October 23 Order states, "The claims asserted by the Plaintiffs are dismissed with prejudice."

Following the dismissal of Plaintiffs' claims, the Hanson Defendants requested attorney fees and costs under RCW 4.84.185, which permits such an award where the action "was frivolous and advanced without reasonable cause." In response, Plaintiffs asserted that such an award was not warranted because (1) "Plaintiffs' separately stated cause of action for Rescission remains in this matter and Plaintiffs intend to pursue it fully" and (2) their claims were neither "frivolous nor advanced without reasonable cause."

The trial court rejected Plaintiffs' first argument and agreed with their second.  Regarding the first argument, the court ruled:

> The Order Granting Defendants' Motion for Summary Judgment indicated "[t]he claims asserted by the Plaintiffs are dismissed with prejudice."  The plain language of that order indicates all claims, including the claims based on rescission, were dismissed.  The Plaintiffs did not seek to have that order reconsidered. Regardless, based on the circumstances in this case the Order Granting Defendants' Motion for Summary Judgment properly disposed of all pending claims.

Regarding the second argument, the court ruled, "I don't think there is an adequate basis for me to find that the suit was frivolous."  The December 22 Order thus denies Plaintiffs' motion for attorney fees and costs under RCW 4.84.185.

---

[2] In some of the trial court pleadings, the parties and the court refer to Plaintiffs as "plaintiff," singular.  For ease of reference, we correct that error when quoting those documents.

On January 19, 2024, Plaintiffs filed a notice of appeal as to both the October 23 Order and the December 22 Order. Because Plaintiffs filed their notice of appeal more than 30 days after the trial court entered the October 23 Order, Defendants jointly moved to dismiss that portion of the appeal on timeliness grounds. The court of appeals commissioner directed the parties to address this issue in their merits briefs and referred the issue to the panel hearing the appeal. The issue has been fully briefed and is addressed below.

II

A.    The October 23 Order

Plaintiffs assert the trial court erred in granting summary judgment dismissing their claims against Defendants. We do not reach the merits of this argument because Plaintiffs did not timely file a notice of appeal regarding the October 23 Order.

Pursuant to RAP 2.2(a)(1), a party may appeal "[t]he final judgment entered in any action or proceeding, regardless of whether the judgment reserves for future determination an award of attorney fees or costs." A notice of appeal must be filed within 30 days of the entry of the decision for which review is sought. RAP 5.2(a)(1). When a notice of appeal is not filed within 30 days of the entry of an appealable order, "the Court of Appeals is without jurisdiction to consider that order." *In re Marriage of Maxfield*, 47 Wn. App. 699, 702, 737 P.2d 671 (1987).

Although our Rules of Appellate Procedure do not define "final judgment," our Supreme Court has arrived at a definition based, in part, on the definition of "final judgment" found in Black's Law Dictionary: a final judgment is a "'court's last action that settles the rights of the parties and disposes of all issues in controversy,

except for the award of costs (and, sometimes, attorney's fees) and enforcement of the judgment.'" *State v. Taylor*, 150 Wn.2d 599, 602, 80 P.3d 605 (2003) (quoting BLACK'S LAW DICTIONARY 847 (7th ed. 1999)). Whether an order is a "final judgment" depends on its effect on the underlying cause of action, that is, "whether it resolved the merits of a party's legal claims." *Denney v. City of Richland*, 195 Wn.2d 649, 654, 462 P.3d 842 (2020).

Here, the October 23 Order was a final judgment for the purpose of appealing the trial court's summary judgment ruling dismissing Plaintiffs' claims. The order states, without qualification, "The claims asserted by the Plaintiffs are dismissed with prejudice." It thus resolved the merits of Plaintiffs' legal claims. While the December 22 Order confirmed that the October 23 Order "disposed of all pending claims," entry of that portion of the December 22 Order was a mere formality because, as the trial court noted, the issues in controversy had already been conclusively resolved by the October 23 Order.

Accordingly, given the timeline established in RAP 5.2(a)(1), Plaintiffs were required to file a notice of appeal within 30 days of entry of the October 23 Order. As Plaintiffs filed their notice of appeal on January 19, 2024, more than 30 days after entry of the October 23 Order, their appeal is untimely as to that order. We therefore do not address Plaintiffs' corresponding argument that the trial court erred in dismissing their claims on summary judgment.

B.    The December 22 Order

Turning to the December 22 Order, Plaintiffs timely filed their notice of appeal within 30 days of entry of the order, and they attached a copy of the order to their notice of appeal as RAP 5.3(a) provides. Yet despite having done so,

Plaintiffs do not assign error to that order as RAP 10.3(a)(4) provides. We have previously held, "If a party fails to assign error, we cannot review the issue." *In re Det. of Brock*, 126 Wn. App. 957, 960 n.1, 110 P.3d 791 (2005).[3] Nonetheless, Plaintiffs argue on appeal that the December 22 Order wrongly concludes that the October 23 Order "disposed of all pending claims," and Defendants respond to that argument. To the extent we may properly exercise discretion to address the argument given the absence of prejudice to Defendants in doing so (*see State v. Turner*, 156 Wn. App. 707, 712, 235 P.3d 806 (2010)), it fails on the merits.

The applicable standard of review is abuse of discretion. At oral argument regarding the Hanson Defendants' motion for attorney fees and costs under RCW 4.84.185, Plaintiffs stated, "If the Court decides that the rescission claim was adjudicated during the motion for summary judgment process, we would just ask that we get an order that states that." The court responded by noting that Plaintiffs had not filed a motion for reconsideration nor a motion to modify the October 23 Order, so any order granting the relief requested by Plaintiffs would necessarily be "under the . . . Court's authority under CR 60." Plaintiffs responded, "That would be fine." This court reviews a trial court's decision whether to amend an order under CR 60 for an abuse of discretion. *Shaw v. City of Des Moines*, 109 Wn. App. 896, 900, 37 P.3d 1255 (2002). Discretion is abused when it is exercised on untenable grounds or untenable reasons. *State ex rel. Carroll v. Junker*, 79 Wn.2d 12, 26, 482 P.2d 775 (1971).

---

[3] *See also State v. Allyn*, 63 Wn. App. 592, 595 n.2, 821 P.2d 528 (1991), *overruled on other grounds by Matter of Sietz*, 124 Wn.2d 645, 880 P.2d 34 (1994) ("because Allyn fails to assign error to the restitution order or to provide any argument or citation to authority, we do not address this issue").

Here, there was no abuse of discretion. As noted, the October 23 Order states, "The claims asserted by the Plaintiffs are dismissed with prejudice." Given the clarity of the October 23 Order, the trial court did not abuse its discretion when it confirmed in the December 22 Order, "The plain language of [the October 23 Order] indicates all claims, including the claims based on rescission, were dismissed." Nor is that ruling otherwise untenable. While Plaintiffs alleged rescission as their "third claim for relief," rescission is "an equitable remedy" and thus requires a substantive basis to warrant such relief. *Hornback v. Wentworth*, 132 Wn. App. 504, 513, 132 P.3d 778 (2006). Here, the underlying claims were fraudulent and negligent misrepresentation. As Plaintiffs acknowledge, the trial court dismissed those claims on summary judgment. Thus, the trial court did not abuse its discretion in confirming in the December 22 Order that the October 23 Order "properly disposed of all pending claims." As to that issue, we affirm.

Feldman, J.

WE CONCUR:

Coburn, J.                    Mann, J.